THE PEOPLE *ex rel.* John H. Hungate

*v.*

ALMOND B. COLE.

1. ADMINISTRATOR—*receipt of acting one, good.* The receipt of an acting administrator of an estate, under authority of law, regularly appointed by a court of competent jurisdiction, is a sufficient acquittance of a debt due the estate, and will bar any action for the recovery of the same, subsequently brought, notwithstanding some irregularities may have intervened in the appointment of the administrator, which would be fatal on appeal or error.

2. JURISDICTION *of the county court—presumption.* The county court, though of limited, is not of inferior, jurisdiction, and presumptions in favor of its jurisdiction will always be indulged. In all collateral proceedings it will be presumed to have had jurisdiction in all matters pertaining to the administration of estates, until the contrary is made to appear.

3. ATTORNEY AT LAW—*stricken from roll for withholding money collected.* Where an attorney at law neglects and refuses to pay over moneys collected by him, to his client or his agent, and, after the client's death, to his administrator, after demand, this will be such a breach of professional duty as to require the striking of his name from the roll of attorneys.

4. SAME—*liable when he enters satisfaction of judgment.* If an attorney enters satisfaction of a judgment recovered by him, without full payment, he will be personally liable to his client for the unpaid balance.

This was an information, filed in this court, on the relation of John H. Hungate, against Almond B. Cole, an attorney of this court, to have his name stricken from the roll for a refusal to pay over money collected by him as an attorney at law. The material facts of the case are stated in the opinion of the court.

Mr. JAS. K. EDSALL, Attorney General, for the People.

Mr. A. B. COLE, *pro se.*

Per CURIAM: In the information filed, but a single charge is made against respondent, viz: In his official capacity as an attorney at law, he collected the amount of a judgment in the case of Robert R. Russell, against George W. Calvert, and refused, on demand made, to pay the proceeds to Hungate, the agent of plaintiff, or to plaintiff in his lifetime, or to his administrator since his death.

Respondent admits, the law firm of which he was a member obtained a judgment in March, 1870, in the case of Russell against Calvert, for the sum of $300, and costs, amounting to $14.40; that in August, of the same year, he received of Calvert $280 and costs of suit, and, thereupon, in the name of his firm, he entered the judgment satisfied in full, upon the promise of Calvert to pay the remaining $20 in a short time, which he did. Of the $280 collected in August, 1870, respondent paid over to his client, who then resided in Mississippi, $100; divided $100 with his partner as their fees, as he says, per contract with their client; and the remaining $80, together with the $20 since collected, is conceded to be in his hands.

No excuse is given for not paying over the $80 at the time the draft for $100 was sent. According to his own account of the transaction, respondent ought to have paid over the full amount of the judgment at that time, less collection fees. But $20 remained to be collected, and having entered the judgment satisfied, his firm was personally liable for the unpaid balance.

In December, 1872, Russell departed this life in Mississippi, and although respondent had his client's money in his hands, and had agreed with his late partner, at the time of the dissolution of their firm, to pay it over, he never, in fact, paid any part of the amount he now concedes is due the estate, to Russell, in his lifetime. Since the death of Russell he maintains there has been no one authorized, by law, to receive payment from him, and to give a valid acquittance. But that

excuse will hardly avail him now, for the reason, that before this information was filed, an administrator of the estate of Russell was appointed in this State and demand made upon him for the funds in his hands belonging to the estate. Payment is still withheld, upon the ground the appointment of the administrator by the county court is, in some way, illegal. It is apprehended the receipt of an acting administrator under authority of law, regularly appointed by a court of competent jurisdiction, would be a sufficient acquittance to respondent, and would bar any action for a recovery of the funds to the estate, should one be subsequently brought, notwithstanding some irregularities may have intervened in the appointment of the administrator which would be fatal on appeal or error. As this court has often declared, the county court, though of limited, is not of inferior, jurisdiction, and presumptions in favor of its jurisdiction will always be indulged. In all collateral proceedings it will be presumed to have had jurisdiction in all matters pertaining to the administration of estates, until the contrary is made to appear. But we need not discuss this branch of the case.

Respondent ought to have paid the money collected for his client to him in his lifetime, or to Hungate, his agent, before the death of Russell, and it was a breach of professional duty not to do so. The money in his hands was trust funds, and respondent had no right to appropriate it to his own use. Since the death of Russell this attorney has adopted one expedient after another, to avoid payment, until the expenses of collection will well-nigh equal the principal sum due. This ought not to be. Reluctant, as we always are, to exercise the extraordinary power with which the law has clothed this court, in the premises, we think the evidence submitted makes a clear case of willful withholding, after demand, of money collected for a client, by his trusted attorney, and respondent's name, for that cause, must be stricken from the roll of attorneys.

*Rule made absolute.*