FREDERICK EAGER

v.

MARTHA EAGER, Adm'x.

1. APPEALS IN PROBATE MATTERS—FINAL ORDERS.—In a proceeding by an administrator to sell real estate for the payment of debts, an appeal will not lie from that portion of the order or decree, relating to the proof of heirship alone, but must be taken from the final order or decree in the case.

2. APPEALS FROM PROBATE COURT TO APPELLATE COURT.—The term "other courts," used in the 67th section of the Practice Act, as amended July 2d, 1877, embraces probate courts, and an appeal will lie from the Probate Court of Cook county to the Appellate Court. The jurisdiction of this court in such appeals is not taken away by the act of June 3d, 1879, amending the 88th section of the Practice Act.

3. REFUSAL TO ALLOW APPEAL.—Where a court improperly refuses to allow an appeal, the proper remedy is by application to the court to which an appeal lies, for a mandamus to the court below requiring the allowance of the appeal.

APPEAL from the Probate Court of Cook county; the Hon. J. C. KNICKERBOCKER, Judge, presiding. Opinion filed February 8, 1881.

Mr. ROBERT HERVEY, for appellant; cited Rev. Stat. 1880, title " Courts," §§ 226, 11.

Eager v. Eager.

Mr. WILLIAM LAW, Jr., for appellees; that this court has no jurisdiction of this appeal, cited Rev. Stat. 1880, title "Courts," §§ 226, 227.

BAILEY, J.   This is an appeal from a decree of the Probate Court of Cook county, in a proceeding on the application of the administrators of the estate of George Eager, deceased, for the sale of real estate.   A motion was submitted by the appellee early in the term, to dismiss the appeal for want of jurisdiction in this court, the consideration of which was postponed until the final hearing of the cause.   It will, therefore, be necessary to decide the question raised by this motion, before passing upon the errors assigned by the appellant.

The right to an appeal is purely a matter of statutory regulation, and unless an appeal from the probate court to this court is given by statute, such appeal does not lie.   Let us examine, then, the provisions of the several statutes relating to this subject.

The act establishing probate courts in counties having a population of one hundred thousand or more, was approved April 27, 1877, and before the passage of the act for the establishment of appellate courts.   At the time of the passage of the first named act, no appellate courts were in existence, and by section twelve of said act it is provided that "appeals and writs of error may be taken and prosecuted from the final orders and decrees of the probate court to the Supreme Court in proceedings on application of executors, administrators, guardians and conservators for the sale of real estate."

The eighth section of the act of June 2, 1877, establishing appellate courts provided that "The said appellate courts created by this act shall exercise appellate jurisdiction only and have jurisdiction of all matters of appeal, or writs of error, from the final judgments, orders or decrees of any of the circuit courts, of the Superior Court of Cook county, or from the city courts, in any suit or proceeding at law or in chancery, other than criminal cases, and cases involving a franchise or freehold, or the validity of a statute.   Appeals and writs of error shall lie from the final orders, judgments or decrees of

the circuit and city courts, and from the Superior Court of Cook county, directly to the Supreme Court, in all criminal cases, and in cases involving a franchise or freehold or the validity of a statute."

On the same day on which the last mentioned act was passed, the sixty-seventh section of the Practice Act was amended, so as to provide that "Appeals from and writs of error to all circuit courts, the Superior Court of Cook county, and city courts, and from other courts from which such appeals and writs of error may be allowed by law, may be taken to the Appellate Courts from all final judgments, orders and decrees, except as hearinafter stated. " The only exception in the subsequent part of the act to which the last clause here quoted applies, is found in section eighty-eight, where it is provided that "Appeals from and writs of error to circuit courts, and the Superior Court of Cook county, and city courts, in all criminal cases and cases in which a franchise or freehold, or the validity of a statute is involved, shall be taken directly to the Supreme Court, in case the party appealing or prosecuting such writ of error shall so elect, excepting in cases of chancery. "

While it is clear that no appeal from the probate court to the Appellate Court was given by the eighth section of the act establishing appellate courts, still that act and the act amending the Practice Act being passed at the same time, and being *in pari materia*, are to be construed together. The latter act went further than the former, and vested the appellate courts with jurisdiction of appeals and writs of error from all final judgments, orders and decrees, not only of all circuit and city courts, and the Superior Court of Cook county, *but of other courts from which such appeals and writs of error might be allowed by law*, subject only to the exception that in criminal cases and cases involving a franchise or freehold, or the validity of a statute, arising in either one of the three clssses of courts specifically mentioned, the appellant should have the right of electing to take his appeal directly to the Supreme Court. See City of Chicago v. Vulcan Iron Works, 2 Bradwell, 189, in which these various statutes are construed.

We think it cannot be doubted that the term "other courts," used in the sixty-seventh section of the Practice Act, as amended June 2, 1877, embraced probate courts. By the act establishing those courts, as we have seen, it is expressly provided that appeals and writs of error might be taken from the final orders and decrees of such courts in proceedings on application of administrators, etc., for the sale of real estate. They were courts, then, from which appeals and writs of error were allowed by law, and so came within the class of "other courts," from which an appeal to the Appellate Court was given by said sixty-seventh section.

Nor does it seem that cases arising in the probate courts were intended to be embraced in the exception contained in said eighty-eighth section, although they may have involved some one of the peculiar questions there enumerated. That exception is, by its terms limited to the final judgments, orders and decrees of the circuit courts, the Superior Court of Cook county, and city courts.

It is claimed however, that the jurisdiction of the present appeal is taken from this court by the act of June 3, 1879, amending said eighty-eighth section of the Practice Act. That section as now amended reads : " Appeals from and writs of error to circuit courts, the Superior Court of Cook county, the Criminal Court of Cook county, county courts and city courts, in all criminal cases below the grade of felony, shall be taken directly to the Appellate Court, and in all criminal cases above the grade of misdemeanors, and in cases in which a franchise or freehold, or the validity of a statute or construction of the Constitution is involved; and in all cases relating to the revenue, or in which the State is interested as a party or otherwise, shall be taken directly to the Supreme Court."

Here, all the courts in the State from whose decisions, appeals and writs of error may be prosecuted, are specifically mentioned, except probate courts, and those are omitted. Nor are there any general terms employed by which probate courts may be held to be included. Whether the omission was casual or intentional, is immaterial. We have only to ascertain what the Legislature has in fact done, and to govern

ourselves accordingly. We fail to see that our jurisdiction of any class of appeals coming here from the probate court is divested by this last amendment.

So far as that court is concerned, then, the sixty-seventh section of the Practice Act, as amended June 2, 1877, is still in force. By that section jurisdiction was conferred on this court of appeals in proceedings by administrators, etc., for the sale of real estate, and no subsequent act has taken it away. The present appeal, then, not being within the exceptions contained in the eighty-eighth section, it is, of course, unnecessary for us to determine whether the case involves a freehold within the meaning of that section. The motion to dismiss the appeal must be overruled.

The errors assigned by the appellant call in question merely the decision of the court below refusing to grant an appeal to the circuit court from so much of the decree as determined the question of the heirship to said estate, and holding that the appeal upon that question must be taken to this court.

The eleventh section of the act establishing probate courts, provides that " appeals may be taken from the final orders, judgments and decrees of the probate courts to the circuit courts of their respective counties in all matters except in proceedings on application of executors, administrators, guardians and conservators, for the sale of real estate." Appeals in the matters thus excepted, as we have seen, must be taken to this court.

The only papers brought here by the transcript of the record are the pleadings and decree in the proceedings from which the appeal is taken. The petition is in the ordinary form, averring the death of George Eager; the appointment of the petitioners as his administrators; the exhaustion of his personal estate, leaving a large amount of debts unpaid; that said Eager died seized of certain real estate, particularly described; that he left surviving him Martha Eager, his widow, and his mother, brothers and sisters as his only heirs-at-law; and praying for an order for the sale of said real estate, or so much as might be necessary to pay said deficiency, and for other relief.

The several persons named as heirs were made parties de-

Eager v. Eager.

fendant, and appeared and answered, and on final hearing a decree was rendered, finding that said George Eager died intestate at the time stated in the petition, leaving said Martha Eager, his widow, and the several persons named in the petition as his heirs-at-law; that the petitioners had been duly appointed administrators of his estate; that the personal assets were insufficient to pay the debts established against said estate; that the intestate died seized of the real estate described in the petition, subject to the dower and homestead rights of said Martha Eager; that it would be necessary to sell said real estate to pay said deficiency; and ordering that said real estate, or so much thereof as might be necessary to pay said deficiency, be sold, subject to said dower and homestead rights of said widow.

It is manifest that in all this there was but one single proceeding. It was a proceeding on the application of the administrators for the sale of real estate. One of the matters incident thereto, it is true, was a determination of the question as to who were the heirs of the intestate, and as to whether Martha Eager was his widow. But the determination of these questions can in no sense be regarded in a separate proceeding. The record cannot be divided, and a part taken to one court by appeal, and a part to another. The statute gives an appeal in such cases to this court, and to this court alone, and the appeal brings with it all incidental questions decided in the course of the proceeding.

It may be remarked that in the answer of Frederick Eager, who is the only party appealing, as well as in the answers of the other defendants, it is admitted that the persons named in the petition as such are the mother, brothers and sisters of the intestate, and his only heirs-at-law, the only dispute being as to whether said Martha Eager was his widow. We see no reason why the determination of this matter was not appropriately involved in the decision of the case. But whether it was so or not, no question on that subject has been raised in this court by any assignment of error, and no such question seems to have been raised in the court below.

But if it should be admitted that so much of the case as re-

lates to the decision that Martha Eager was the widow of the intestate, is a separate proceeding, having no necessary connection with the petition for the sale of real estate, and so coming within the provisions of the statute giving an appeal to the circuit court, another and insuperable obstacle presents itself to the appellant. If that decision was in a proceeding in which the appeal lay to the circuit court and not to this court, the order refusing an appeal to the circuit court was in the same proceeding, and, as a necessary consequence, cannot be brought here by appeal.

Where a court improperly refuses to grant an appeal, the proper remedy would seem to be by application to the court to which the appeal lies for a mandamus to the court below, requiring the allowance of the appeal.

We find no error in the record, and the decree will therefore be affirmed.

Decree affirmed.