HENRY S. AUSTIN

v.

HILLERY DUFOUR et al.

*Filed at Ottawa May 19, 1884.*

1. PRACTICE—*after reversal and remanding order.* If either party desires to prosecute a case further, when there has been a reversal and remanding order by an appellate court, he must file a transcript of the reversal and remanding order in the trial court within two years from the date of such remanding order. If this is not done the cause will be deemed as abandoned.

2. SAME—*jurisdiction, how acquired after reversal.* By the filing of the transcript of the reversal of a judgment and remanding order in the trial court, that court obtains jurisdiction of the subject matter of the suit. But before any steps can be taken in the cause, the court must also obtain jurisdiction over the person of the adverse party, and this, in the absence of a voluntary appearance, can only be done by giving the notice required by section 84 of the Practice act.

3. If, on the filing of such transcript in the trial court, the adverse party appears voluntarily, and submits himself to the jurisdiction of the court, this will obviate the necessity of notice to him, and it will be too late after such appearance to object to the want of service. Neither will such party so appearing be allowed to say that in appearing he supposed it was to a new suit.

4. APPEARANCE—*binds party to notice of all that is in the record.* One who, in the absence of fraud or imposition, by a voluntary appearance makes himself a party to a cause, is conclusively presumed to have notice of everything that appears of record in such suit.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. WILLIAM W. FARWELL, Judge, presiding.

Mr. EDWARD J. HILL, for the appellant:

The cause, as it came back from the Appellate Court on the former appeal, has not been reinstated. It has been abandoned. *Haywood* v. *Collins*, 60 Ill. 340.

Under the decisions it was formerly not necessary to reinstatement that notice should be given. *Murray* v. *Whittaker*, 17 Ill. 230; *Reaugh* v. *McConnell*, 36 id. 375.

It was the purpose of the legislature to change the rule, hence sections 84 and 85, chapter 110, of the Revised Statutes of 1874, were adopted. The notice is now a necessary step to reinstatement. The giving of the notice without filing the transcript is nugatory. *Heath* v. *Jones,* 12 Bradw. 493.

The failure to give such notice within the two years, as required by section 85, brings the case within the limitation,— that is to say, the two sections must be construed *in pari materia.*

Messrs. BISBEE, AHRENS & DECKER, for the appellees:

The reinstatement of a case in the court below, after a reversal, is not the exercise of a special statutory power. It falls within the scope of the ordinary powers of a court of general jurisdiction, and as the court below found in its decree that the court had jurisdiction of the subject matter and of the parties, the ten days' notice required by the statute must be presumed to have been given. Best on Presumptions, 47; Law Lib. secs. 52, 57.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The facts material to an understanding of the legal questions involved in this case, so far as they affect the parties now before the court, are as follows: In 1879 Peter Whaler filed an original petition, in the circuit court of Cook county, to enforce a mechanic's lien against certain improved lots in Chicago, making Henry S. Austin and others, parties. Hillery and Peter Dufour, and Ebenezer B. Rowe, filed in that proceeding an intervening petition. There was a decree in favor of both the original and intervening petitioners. On appeal to the Appellate Court, the decree as to the intervening petitioners was reversed, on the ground the petition and proofs, in a certain respect, were insufficient, and the cause remanded for further proceedings in conformity with the opinion of that

court.   The appeal was disposed of in March, 1880, and a transcript of the order reversing and remanding the cause was filed in the circuit court of Cook county, December 8, 1880, but no formal order reinstating the case upon the docket was entered by the court upon the filing of such transcript, as is evidently contemplated by the 84th section of the Practice act.   It appears, however, after the filing of the transcript,—to-wit, on the 22d of December, 1880,—appellees served the appellant with notice of an application for leave to amend the intervening petition; that the same was subsequently amended, and after such amendment appellant appeared and pleaded to the same, and upon the issues being made up, there was a rehearing of the cause upon the pleadings and proofs, and a decree rendered therein upon the merits, which has been affirmed by the Appellate Court, and the appellant now makes the point he was not personally notified of the filing of the transcript of the remanding order, as provided by the section of the Practice act above cited; and this is the only question presented by the record which we deem of sufficient importance to notice, and even as to this there can be little, if any, room to doubt.

It is very clear that by the 84th section of the Practice act, if either party desires to prosecute a case further, where there has been a reversal and remanding order by an appellate tribunal, he must file a transcript of the reversal and remanding order in the trial court within two years from the date of such remanding order, and if this is not done, the cause will be deemed abandoned.   By the filing of the transcript in the trial court that court again obtains jurisdiction over the subject matter of the suit.   But this is not sufficient, of itself, to authorize the court to proceed.   Before any steps can be taken in the cause, the court must also obtain jurisdiction over the person of the adverse party, and this, in the absence of a voluntary appearance, can only be done by giving the notice required by the section of the statute above mentioned.

It is hardly necessary to add, unless the court has jurisdiction both of the person and subject matter of the suit, its proceedings will be *coram non judice,*—or, in other words, void. So it would have been in this case if appellant had paid no attention to the proceedings in the circuit court after the filing of the remanding order. In that event such proceedings, assuming no notice was given, would have been wholly inoperative and void as to him. But he did not see proper to adopt this course. On the contrary, he appeared and submitted himself to the jurisdiction of the court, which subserved every purpose of notice, and it is now, as in any other case where a party voluntarily appears, too late to object to the want of service. Nor can the appellant be heard to say, as he does, that in appearing in the case after it was remanded, in the manner we have seen, he supposed he was appearing to a new suit. One who, in the absence of fraud or imposition, by a voluntary appearance makes himself a party to a cause, is conclusively presumed to have notice of everything that appears of record in such suit, and it is clear a mere inspection of the record in this case would have fully apprised appellant of the fact that the proceedings, after the filing of the remanding order, were but a continuation of the original suit. There is nothing in *Haywood* v. *Collins,* 60 Ill. 340, that conflicts with the views here presented.

No reason is perceived why the decree in the case should be disturbed, and we are of opinion the Appellate Court properly affirmed it.

*Judgment affirmed.*