## George F. Bliss et al., Executors, etc., v. Fannie Seaman et al.

1. EXECUTORS—*Stated Settlements and Reports Approved—Reports Not Conclusive.*—Stated settlements and reports of an executor during the administration of an estate, although approved by the Probate Court are not final or conclusive as against the residuary legatees of the testator.

2. Estate in Administration—*Rights of Legatees on Final Settlement.*—Upon the final settlement of an estate, legatees have a right to contest applications of the executor for a discharge, and have also the right to go through his annual reports and have the same corrected, if found erroneous.

3. Same—*Approval of Reports—Prima Facie Correct.*—The reports of an executor made during the administration of an estate to the Probate Court and by it approved, are only *prima facie* evidence of their correctness, and as against legatees of the testator do not have the force of final judgment.

4. Residuary Legatees—*Remedies by.*—The residuary legatees of a testator may have their rights determined and protected by a direct proceeding in chancery, or by a suit upon the executor's bond, or if dead, they may file their claim against his estate.

5. Probate Court—*Equity Powers.*--The Probate Court has equitable jurisdiction of claims against the estate of deceased persons, and power to do what a court of equity has jurisdiction to do in the matter.

6. Executor De Bonis Non—*His Powers.*—An executor *de bonis non* can not call upon the representatives of the first executor for an accounting; he is only an administrator of the remaining estate.

**Claim in Probate.**—Appeal from the Circuit Court of La Salle County; the Hon. Dorrance Dibell, Judge, presiding. Heard in this court at the December term, 1894. Affirmed. Opinion filed May 28, 1895.

Fowler Brothers, attorneys for appellants, contended that when the Probate Court is adjudicating upon the administration of estates over which it has general jurisdiction, as liberal intendments will be granted in its favor as would be extended to the proceedings of the Circuit Court, and it is not necessary that all the facts and circumstances which justify its action should affirmatively appear upon the face of its proceedings. Thomas v. People, 107 Ill. 522; Matthews v. Hoff, 113 Ill. 96; Stone v. Kimball, 28 Ill. 93, and cases cited.

The judgments of courts of general jurisdiction are always held conclusive in collateral proceedings until the same are reversed upon direct proceedings had for that purpose. McCoy v. Morrow, 18 Ill. 594; Cady v. Hough, 20 Ill. 45; Prescott v. Fisher, 22 Ill. 393; Iverson et al. v. Loberg, 26 Ill. 182; Bryant v. Ballance, 66 Ill. 188.

The character and finality of *res judicata* attach to the decisions made in Probate Courts. It is a final settlement

of the matter of which it assumes to dispose, and can not be collaterally attacked, impeached or avoided in the same or any other court by any of the parties thereto. Freeman on Judgments, p. 358, Sec. 319; Eckley v. Clark, 24 Ill. App. 500; Lampton v. Jenney, 13 Peters 381; Bond v. Lockwood, 33 Ill. 212; Blair v. Sinnott, 134 Ill. 78; Barnard v. Barnard, 119 Ill. 99; Johnson v. Miller, 50 Ill. App. 71; Freeman on Judgments, Sec. 124; Lawson on Presumptive Ev., 27; Thomas v. People, 107 Ill. 522.

This court must presume that the Probate Court heard evidence touching each of the items in controversy, and that the evidence warranted the conclusions arrived at by the court. The People ex rel. v. McGowen, 77 Ill. 646; C., B. & Q. R. R. v. Chamberlain, 84 Ill. 342–3; Hobson v. Ewan, 62 Ill. 146; Goudy v. Hall, 36 Ill. 313; Bowen v. Bond, 80 Ill. 351; Kingsbury v. Powers, 131 Ill. 190.

It is an axiom of the law that when a judgment of a court is offered in evidence collaterally in another suit, its validity can not be questioned for errors that do not affect the jurisdiction of the court which rendered it. Cooper v. Reynolds, 10 Wal. 308.

Our own Supreme Court fully concur in this axiom. Johnson v. Wells, 50 Ill. App. 71; Herman on Estoppel, Secs. 375 and 372; Stempel v. Thomas, 89 Ill. 146; Spring v. Kane, 86 Ill. 580.

This principle applies equally to the judgments of Probate Courts. Lynch v. Baxter, 51 Am. Dec. 735; Tucker v. Harris, 58 Am. Dec. 488; Merrill v. Harris, 57 Am. Dec. 359; Doolittle v. Holton, 67 Am. Dec. 745.

BREWER & STRAWN, attorneys for appellees, contended that the reports made by the executor were approved *ex parte* and without notice to the residuary legatees. It is claimed that these formal *ex parte* orders are binding and can not be attacked in a proceeding against the executor direct, or, as in this case, against his estate. Such is not our understanding of the law. "A partial or annual account is only a judgment *de bene esse*, often rendered *ex parte* and only *prima*

*facie* correct." 7 Am. Eng. Enc'y of Law, 442-4; Bond v. Lockwood, 33 Ill. 212.

In the settlement of estates all persons whose rights are to be affected by an order of distribution must have notice, and until a final settlement has been made, all orders in the case are subject to review. Until final settlement the whole matter is *in fieri*. Under such circumstances, nothing having been settled, the Probate Court has power to retrace its steps for any error which may have marked its progress. Long, Adm'x, v. Thompson, 60 Ill. 27; Bennett, Guardian, v. Hanifin, 87 Ill. 31.

The administrator *de bonis non* with the will annexed can not be made to account for the moneys converted to his own use by his father, the law being that where property has been administered it does not pass to the administrator *de bonis non*. He can only administer upon so much of the estate as remains unadministered. Marsh v. People, 15 Ill. 284; Rowan v. Kirkpatrick, 14 Ill. 1; Duffin v. Abbott, 48 Ill. 17.

Nor has the administrator *de bonis non* the right to call on the representatives of the first administrator for an accounting of assets already administered upon. Rowan v. Kirkpatrick, 14 Ill. 1; Marsh v. People, 15 Ill. 284; Duffin v. Abbott, 48 Ill. 17.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a claim filed against the estate of Benjamin F. Bliss, deceased, by appellees, residuary legatees of Russell Bliss, deceased.

Benjamin F. Bliss was the executor of the estate of Russel Bliss, deceased, and had settled the entire estate and made report from time to time which had been approved by the Probate Court, but he had never been discharged by such court, and having died, appellants were commissioned as his executors. The appellees' claim was for $1,500. This case was first tried in the Probate Court of La Salle County, and taken by appeal to the Circuit Court, and by their fur-

ther appeal the case is brought to this court. Benjamin F. Bliss, executor, filed his inventory and three reports, and a supplemental report, and on or about the 14th day of December, 1890, departed this life. His sons, George F. Bliss and Russell D. Bliss, were duly appointed executors of their father's will, and George F. Bliss was appointed administrator *de bonis non*, with will annexed, of the estate of his grandfather, Russell Bliss, deceased. Appellees filed their claim in the Probate Court of La Salle County, November 3, 1892, for the sum of $1,532.32, against the said appellants, George F. Bliss and Russell D. Bliss, executors of the last will and testament of Benjamin F. Bliss, deceased, in and by which they sought to recover for moneys not accounted for by Benjamin F. Bliss, as executor of the last will and testament of Russell Bliss, deceased. The Probate Court allowed the claim. The cause was appealed to the Circuit Court, where it was tried by the court without the intervention of a jury, under the 42d section of the practice act, and by that court allowed, and judgment was rendered June 11, 1894, for the sum of $1,244.90, in favor of appellees.

Appellants have assigned errors in this court against the allowance of such claim, and appellees, cross-errors, because the allowance was not enough.

No written propositions of law were submitted to the court by either party while it was on trial. By the last report made by Benjamin F. Bliss, executor of Russell Bliss, deceased, the executor showed a balance in his hands of $590.35, and asked for an order to distribute all of the said balance except $150, which he desired to retain for costs and expenses of administration. By a supplemental report of April 7, 1888, he showed that he had distributed $440.35, retaining the $150 ordered to be retained by the court. This last sum he had on hand when he died, and the administrator *de bonis non* accounted for that sum.

The appellees on the trial offered and read in evidence the inventory and the several reports of Benjamin F. Bliss, executor of the Russell Bliss estate, which had been adjudicated upon by the Probate Court, and then over the objections of the defendants sought to contradict them for the

purpose of establishing their claims against the appellants. This is one of the main errors relied upon by the appellants to reverse the judgment of the court below, claiming that the approval by the Probate Court of the above named reports, and the orders made in the Probate Court on the different settlements, were final and conclusive judgments, and so far are *res adjudicata* as to the appellees' claim herein, because, as they claim, they are collateral judgments as to the relief sought in this case, and can not be surcharged.

We do not concur with the appellants in this contention. Benjamin F. Bliss had never been discharged, and had he lived he could not have been until the legatees had been paid, and they would have had the right to contest any application of his for a discharge and final settlement, and would have had a right to go through his annual reports, and have surcharged them if they were erroneous, and those reports and the approval thereof, would have only been *prima facie* evidence of their correctness.

The executor *de bonis non* could not do this because he is only administrator of the remaining estate, nor had he anything in his hands out of which to pay appellees.

Benjamin F. Bliss having died, if appellants had gone into chancery to attack these reports in a direct proceeding, which might have been done according to law, the reports would have stood only as *prima facie* evidence, and no question could have been raised as to the right of attacking them.

Instead of proceeding in chancery, or suit on his executor's bond, the residuary legatees have filed their claim against the B. F. Bliss estate. Raney v. Kirkpatrick, 14 Ill. 1. The Probate Court has equitable jurisdiction of claims, and can do what a court of equity might have done, that is, look through those accounts current, and surcharge them, allowing them to stand as *prima facie* correct. The approval of those reports in the Probate Court was *ex parte*, and so as against appellees do not have the force of final judgments.

Neither the Probate nor Circuit Court erred in correcting the accounts. Bond v. Lockwood, 33 Ill. 212; Long v. Thompson, 60 Ill. 27. The judgment rendered against the appellants by the Circuit Court is made up of a number of different items, and the evidence we regard sufficient to sustain the finding of the court. We will not undertake an examination in detail touching the different items, and we think the ruling of the court in excluding other items claimed by appellees is also sustained by the evidence. We therefore find against appellees on cross-errors assigned.

Finding no error in the record the judgment of the court below is affirmed.