## Catherine M. Ford v. Nellie Catherine Ford.

### Gen. No. 11,660.

1. ORDER OF DISTRIBUTION—*when, erroneous.* An order entered in a deceased's estate, directing the administratrix to pay to a foreign guardian the distributive share of his ward, is improper where it does not appear that an account had been filed in such deceased's estate and such order does not ascertain and fix the amount of such distributive share.

2. ASSIGNMENT OF ERROR—*when deemed waived.* An assignment of error which is not argued in the brief of the complaining party is deemed to have been waived.

3. TRIAL OUT OF ORDER—*review of action of court in granting.* The trial court has a broad discretion in the matter of advancing and trying a cause out of its regular order for good cause shown, and the exercise of such discretion will not be reversed on review unless the record shows abuse thereof or manifest injustice to the complaining party.

Ford v. Ford.

4. "Cause"—*what is, within meaning of section 16 of Practice Act.* An appeal from an order of distribution entered by the court of probate is a "cause" within the meaning of section 16 of the Practice Act.

5. Heirship—*jurisdiction of court of probate to enter.* The court of probate has jurisdiction, notwithstanding the absence of a special statutory enactment providing therefor, to ascertain and determine by decree the heirs of an estate over which it has jurisdiction.

6. Heirship—*how order finding, may be attacked.* An order of the Probate Court finding the heirship in an estate is, in an appeal to the Circuit Court from a subsequent order of the Probate Court in that estate, *prima facie* evidence of the facts found. It may be contradicted in such appeal by evidence overcoming it, but if the party denying the heirship does not wish to assume the burden of proof in the Circuit Court, he must in the Probate Court attack the finding of heirship, and if defeated, appeal from the order making it, or from one refusing to vacate it.

7. Court of probate—*presumptions which aid orders of.* The court of probate is a court of general jurisdiction as to the matters within its sphere, and therefore as liberal intendments will be made in favor of its orders as are extended to the proceedings of the Circuit Court as to matters within its jurisdiction.

8. Court of probate—*when jurisdiction of person attaches.* The court of probate acquires jurisdiction of a person who is present in answer to its citation through the mere fact of the presence of such person.

9. Court of probate—*when orders of, may be attacked.* Until an estate is completely administered any previous order entered therein may be directly attacked in such court when application is made for another order which involves a further step in the administration.

Appeal from order of distribution. Appeal from the Circuit Court of Cook County; the Hon. Edward F. Dunne, Judge, presiding. Heard in this court at the March term, 1904. Reversed and remanded. Opinion filed January 5, 1905.

Statement by the Court. This is an appeal from an order of the Circuit Court of Cook county, entered on December 28, 1903, and running as follows:

"This day, by Steele & Weissenbach, his attorneys, comes E. E. Wager, guardian of the estate and person of Nellie Catharine Ford, a minor child of Morton I. Ford, deceased, under the appointment of the Superior Court of the State of Washington for Kittitas county, and it appearing to the court from the exemplified copies of bond and letters of guardianship, approved and issued by the said Superior Court of Kittitas county, Washington, appointing the said E. E.

Wager guardian of the estate of Nellie Catharine Ford, a minor, that the said E. E. Wager is the duly authorized guardian of the estate and person of Nellie Catharine Ford, a minor child of Morton I. Ford, deceased; and it further appearing to the court from an exemplified copy of an order of said Superior Court of the said Kittitas county, Washington, authorizing the said E. E. Wager, guardian, to collect the interest of the said Nellie Catharine Ford in the estate of Morton I. Ford, deceased, that the said E. E. Wager is duly authorized to collect said interest of said minor; and it further appearing to the court from a certified copy of a record of heirship of the Probate Court of Cook county, Illinois, entered by said court February 17, 1903, that said Morton I. Ford died leaving him surviving Nellie M. Ford, his widow, and the said Nellie Catharine Ford, his daughter, his only heirs at law and next of kin; it is ordered that the administratrix of the estate of the said Morton I. Ford, deceased, turn over to the said E. E. Wager, as guardian of the estate and person of said Nellie Catharine Ford, minor, the distributive share of the said minor in the proceeds of the right of action arising out of the death of the said Morton I. Ford, deceased, within twenty (20) days from this date."

This order was entered by the Circuit Court, as shown by the record, under the following circumstances and in the course of the following proceedings:

On October 13, 1903, the Probate Court of Cook county had entered this order:

" In the Matter of the Estate }
of MORTON I. FORD, deceased. }

This day came E. E. Wager, guardian of the minor children of Morton I. Ford, deceased, under the appointment of the Superior Court of the State of Washington for Kittitas county, and presented to the court and filed herein exemplified copies of bonds, letters of guardianship issued to him, and order of said foreign court, and on reading and filing the petition of said foreign guardian, it is ordered that the administrator of the estate of said decedent turn over to said foreign guardian the distributive shares of said minor children in the proceeds of the right of action arising out of the death of said decedent within ten days from this date."

From this order of the Probate Court Catherine M. Ford,

the widow of said Morton I. Ford, prayed and perfected an appeal to the Circuit Court.

The order in the Probate Court allowing the appeal and approving the appeal bond ran as follows:

" This day came Catherine M. Ford and presented to the court her appeal bond on her appeal to the Circuit Court of Cook county, Illinois, from the order of this court entered herein on the 13th day of October, A. D. 1903, directing the administratrix of the estate of Morton I. Ford, deceased, *to pay to the guardian of Nellie Catherine Ford, a minor, her distributive share in said estate,* said appeal bond being in the penal sum of $600, with James A. Peterson as surety thereon. And the court having examined said appeal bond, the same is approved and ordered to be recorded."

The appeal bond recites the order of October 13, 1903, as " directing the administratrix to pay to the guardian of *Nellie Catherine Ford, a minor, her distributive share in said estate,*" and runs to Nellie Catherine Ford.

In the Circuit Court the following proceedings were had: On December 27, 1903, E. E. Wager, the guardian aforesaid, *moved the court* " for an order directing the administratrix of the estate of Morton I. Ford, deceased, to turn over to said guardian the distributive share of said minor in the estate of said Morton I. Ford, deceased." To the immediate consideration of said motion, Catherine M. Ford, by her attorney, objected that the appeal was not then reached in its order on the docket for trial; that there were 15,000 common-law causes pending and undisposed of between the last case on the trial call for that day and this appeal as it stood in its order on the docket. This, the court substantially certifies in the bill of exceptions, was a correct statement. The appellant, Catherine M. Ford, further objected that no sufficient showing had been made to warrant the court in trying the cause out of its order and advancing the same for trial at that day. The court overruled the objections and ordered that *the motion* be set down for immediate hearing, to which overruling and order said Catherine M. Ford excepted. Thereupon the said guardian *on behalf of his said motion* offered in evi-

dence (1) exemplified copies of the bond and letters of guardianship of the Superior Court of Kittitas county, Washington; (2) a certified copy of " the record of heirship of the Probate Court of Cook county, Illinois, entered by said Probate Court February 17, 1903;" (3) an original petition of said guardian filed October 13, 1903, in the Probate Court of Cook county, Illinois, but not filed in the Circuit Court. To each of these matters so offered in evidence Catherine M. Ford, the appellant here, objected, and to its admission excepted. The Circuit Court thereupon entered the order first appearing in this statement, and to its entry " the said administratrix of the estate of Morton I. Ford, deceased, and Catherine M. Ford, the widow of said Morton I. Ford, deceased," excepted and afterward prayed an appeal to this court, which Catherine M. Ford alone perfected.

In this court numerous errors are assigned covering the points which are insisted upon in argument, namely, that the order in itself is indefinite and uncertain, and therefore erroneous; that it was entered prematurely, because no " distributive share " had been ascertained, as no account of the administratrix had been filed and approved, and that the evidence that appellee was a child and next of kin of Morton I. Ford was incompetent and insufficient.

JAMES A. PETERSON, for appellant.

STEELE & WEISSENBACH, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

We must reverse the order complained of and remand this cause to the Circuit Court.

The obvious defect and error in the order of the Circuit Court are those which are apparent also in that order of the Probate Court, an appeal from which brought the matter into the Circuit Court for a trial *de novo.* These orders are too indefinite and uncertain. They mention no sum to be paid over to the petitioner, the foreign guardian; they do not find that there is any distributive share of " proceeds of

Ford v. Ford.

right of action arising out of the death of said Morton I. Ford." They do not even name the administratrix. It is impliedly stated in the argument for appellant, and impliedly conceded in that of appellee, that no account had been filed in the Probate Court by the administratrix of Morton I. Ford when this order of the Circuit Court appealed from was made, or when the order in the Probate Court was made, and that consequently nowhere of record was there an ascertainment of the distributive share belonging to Nellie Catherine Ford (which the Circuit Court order provides for), or " the distributive shares of said minor children" (as the Probate Court order has it). Nothing appears in the record one way or the other as to this, but it does not matter. If any such account had been filed, no reference to it appears in the proceedings of the Circuit Court, and the order of that court omitting to state any definite sum to be turned over, or making any finding about it, cannot be sustained. It is " without form and void."

We think the authorities cited by appellant's counsel are in point. Counsel for appellee say that money judgments which do not state the amount with certainty are not like the order appealed from in this case, which is, he says, not a judgment, but "an order on the administratrix to pay to the guardian the distributive share of the ward, and does not attempt to fix the amount." We do not see the distinction. It is an order to pay money—and that it does not fix the amount is the very thing that makes it erroneous. Lawrence v. Fast, 20 Ill. 339; P., F. W. & C. R. R. Co. v. City of Chicago, 53 Ill. 81; Carpenter v. Sherfy, 71 Ill. 429.

Although our view of the matter above discussed, on which the court is a unit, is sufficient to dispose of this appeal, we think that as it must go back to the Circuit Court for another trial, we should notice other errors assigned and insisted on by the appellant. The contention made below, that the cause was, without sufficient showing of good cause, tried by the court out of its regular order on the docket, seems, although such action is assigned for error

here, to be waived in this court by not being argued or in-
sisted on.  It need not, therefore, be discussed by us further
than to say that although broad discretion is given to the
trial court in the matter of advancing and trying a cause
out of its regular order for good cause shown, and al-
though it is true that such discretion will not be presumed
by us to have been abused unless there is something in the
record which shows such abuse or manifest injustice to the
appellant, (Staunton Coal Co. v. Menk, 99 Ill. App. 254, af-
firmed in 197 Ill. 373,) the record here would be more satis-
factory if it showed at least some order for good cause
advancing the case, other than one merely overruling ob-
jections to its being immediately heard.  This is not to
say that because of this objection alone, even if it had been
insisted on here, we should have reversed this judgment
order, but it is not to pay too much respect to technical-
ities to insist on forms necessary to prevent looseness and
confusion in legal proceedings.  If the course taken was
so taken on the assumption that this appeal from the Pro-
bate Court, necessitating a trial *de novo* in the Circuit Court,
was not " a regular cause " on its docket, but a mere " mo-
tion " in some sense differing from such a cause, we do not
think it justified.  Such an assumption would be false.
The appeal was a " cause " on the docket of the Circuit
Court.  It may well, however, have been " a cause " which
it was proper on a sufficient showing to advance for trial,
and the discretion of the trial court on such a showing
would not be interfered with here.

The objection raised by appellant, and argued by her
counsel and that of appellee, to the competency and suffi-
ciency as evidence of the certified copies of the record of
heirship of the Probate Court of Cook county in the estate
of Morton I. Ford, deceased, entered on February 17, 1903,
which record the Circuit Court held as sufficiently establish-
ing the heirship of Nellie Catherine Ford, the appellee, we
regard as untenable.  We think that so long as the order
finding said heirship stands unattacked directly in the
Probate or Circuit Court, it must be held on this appeal

Ford v. Ford.

*prima facie* proof of the facts found, and a certified copy of it necessarily competent evidence. The order of the Probate Court of February 17, 1903, in question, recites the return into court of a certain dedimus and the depositions of Jennie M. and Nellie Catherine Ford taken under it, and their examination by the court, the hearing of the testimony of Catherine M. Ford (the appellant), and the examination of two certified copies of decrees of divorce, and proceeds to set forth that from all these things the court finds " that Morton I. Ford died leaving him surviving, 1, Catherine M. Ford, his widow; and 2, Nellie Catherine Ford, his daughter, his only heirs at law and next of kin." This seems to us an independent judgment of the Probate Court on a matter within its necessary jurisdiction and not included in the order of October 13, 1903, nor brought to the Circuit Court by the appeal from that latter order. While it is true that there is no statutory enactment providing specifically for the proceedings by which heirship is to be adjudicated in the Probate Court, no settlement or distribution of estates, the care of which is expressly given to that court, could be made, unless heirships were determined by it. *Ex necessitate rei* then, the Probate Court has jurisdiction of the subject-matter of deciding who the heirs of any deceased person whose estate it is administering on, may be. Wadsworth v. Connell, 104 Ill. 369; Millard v. Harris, 119 Ill. 185; In the matter of Corrington, 124 Ill. 363; Schlink v. Maxton, 153 Ill. 447; Bliss v. Seaman, 165 Ill. 422. If the jurisdiction over the subject-matter involved in the order of February 17, 1903, be conceded, it follows that the order must be supported as to the persons involved by the liberal intendments which are made to support such jurisdiction in the case of a court of general jurisdiction. The Probate Court *is* a court of general jurisdiction as to matters within its sphere—limited, but not special or inferior. "When it is adjudicating upon the administration of estates, as liberal intendments will be granted in its favor as would be extended to the proceedings of the Circuit Court, and it is not necessary that all the

facts and circumstances which justify its action should affirmatively appear upon the face of its proceedings," is the language of Judge Caton in Propst v. Meadows, 13 Ill. 157, 169, and this decision has been followed in a long line of cases since by the same court. For example, see The People v. Cole, 84 Ill. 327, and Blair v. Sennott, 134 Ill. 85. Besides, in this case the order itself shows that the appellant was present at the hearing which preceded it, and gave testimony. It has been adjudged by this court that the Probate Court would have jurisdiction of a person who was present in answer to its citation, through the mere fact of his presence. Blair v. Sennott, 35 Ill. App. 368. Why, then, was its order not binding on the appellant in the present case? If it were so binding, it still further follows that it cannot be attacked by her indirectly. Freeman on Judgments, chap. 12, S. 319–a; Moffett v. Moffett, 69 Ill. 641, 644; Kattelman v. Estate of Guthrie, 142 Ill. 357; Gillett v. Wiley, 126 Ill. 310.

The only question remaining would be, whether to appeal from an order which does not declare any heirship, but assumes or implies that such heirship has been already proven, and orders payment of money by an administrator to a guardian of a person thus previously declared an heir, challenges directly or attacks directly the finding as to the heirship. It seems to us that it plainly does not, and authorities in analogous cases bear out the proposition that the appeal from the order of October 13, 1903, does not in itself bring up the order of February 17, 1903. Morgan, Adm., v. Morgan, 83 Ill. 196; Allen v. Shepard, 87 Ill. 315; Millard v. Harris, 119 Ill. 185; Kingsbury v. Powers, 131 Ill. 185, 191; Elder v. Whittemore, 51 Ill. App. 662. It is undoubtedly true that until the estate is completely administered, any previous order in the cause may be attacked directly in the Probate Court, when application is made for another order which involves a further step in the administration. And as the appeal from an order of the Probate Court to the Circuit Court requires a trial *de novo* in the latter court, it would seem to follow that in the Cir-

Ford v. Ford.

cuit Court when the foreign guardian makes his application for payment to him of the alleged distributive share of his ward, the administrator, or any other distributee, might properly, assuming the burden of proof, directly attack the *prima facie* case of heirship made by the order of the Probate Court, and if successful in overcoming it, prevent on that ground the granting of such petition. This would seem to be the *rationale* of the holding of the Appellate and Supreme Courts in an analogous case. Bliss v. Seaman, 59 Ill. App. 236; Bliss v. Seaman, 165 Ill. 422. Or if the appellant was unprepared or unwilling thus to assume the burden of proof, a proper course might be to attack directly the finding of heirship in the Probate Court by a motion to vacate, and if there defeated, appeal from the order denying such vacation to the Circuit Court, where the trial of the issue of heirship being *de novo*, the burden of proving it affirmatively would properly fall on the party asserting it. Such seems to have been the course adopted in Keegan v. Geraghty, 101 Ill. 26. At all events until the order of the Probate Court of February 17, 1903, is brought before the Circuit Court otherwise than it is in the case at bar, it must be considered as *prima facie* proof of the status of Nellie Catherine Ford as a child of the deceased Morton I. Ford.

Some language of the court in Greenwood v. Spiller, 2 Scammon, 503, and in Eager v. Eager, 8 Ill. App. 356, would seem to lend support to the different view that the appeal from the order of October 13, 1903, brings up as necessarily involved the question whether or not Nellie Catherine Ford was a child of and therefore next of kin to Morton I. Ford, and consequently places upon her guardian the burden of proving it as a part of his affirmative case. But we do not consider this language controlling, or such a position the correct one. Such, at least, is the opinion of a majority of the court. This question has been discussed at some length in the hope that counsel will so shape the future proceedings as to provide for a fair trial of the question of fact in the Circuit Court, in accordance with

the views here expressed, and avoid the necessity of another appeal. Such a trial in some form is the undoubted right of appellant.

The order of the Circuit Court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*