### William M. Christie v. Daniel G. Walker.

#### Gen. No. 12,479.

1. BILL OF EXCEPTIONS—*what must be preserved by.* A motion to vacate a verdict and judgment, and the exception to the action of the court thereon, must be preserved by bill of exceptions.

2. TRIAL—*presumption as to jurisdiction of court to proceed with.* The presumption is that the court had jurisdiction to proceed with the trial of a cause, and this presumption will prevail in the absence of an affirmative showing by bill of exceptions to the contrary.

3. COUNTY COURTS—*presumption as to jurisdiction of.* County courts, in the exercise of the common law jurisdiction conferred upon them by statute, are entitled to the same presumptions in favor of their jurisdiction as are the circuit courts.

4. SHORT-CAUSE CALENDAR—*when action of court in trying cause upon, waived.* The action of the court in trying a cause upon the short-cause calendar, even though improper, is waived if the objection to proceeding with the trial upon such calendar is not made in apt time. O'Brien v. Lynch, 90 Ill. App. 29, overruled.

Action of assumpsit. Error to the County Court of Cook County; the Hon. DWIGHT C. HAVEN, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed May 7, 1906.

**Statement by the Court.** April 19, 1905, Walker brought an action in assumpsit against Christie in the County Court. The declaration was filed the same day, accompanied by an affidavit stating the amount claimed to be due at $1,000.

May 10, 1905, Christie filed a plea of the general issue. Attached thereto is his affidavit that he has a good defense

to a part of said demand, which part is $500, "to the best of this affiant's judgment and belief."

May 16, 1905, there was filed in said court an affidavit signed by the attorney for Walker, in the usual form, to entitle said cause to be placed upon the short-cause calendar. The affidavit indorsed thereon of service of the same upon the attorney for Christie is confessedly insufficient. It states that the notice was served on such attorney "by leaving a copy of the same with Miss Emma J. Wheeler the 16th day of May, 1905." Who Miss Wheeler is, or what relation, if any, she had to such attorney by employment or otherwise, is not stated.

June 5, 1905, the cause was called for trial, and in the absence of Christie and of his attorney a jury was called, evidence introduced and a verdict rendered against Christie in the sum of $925.50, and judgment was entered thereon.

June 8, 1905, Christie, by his attorney, moved the court to vacate said verdict and judgment.

June 17, 1905, this motion was heard and was denied. Christie excepted and prayed an appeal to this court, which was allowed upon his filing an appeal bond in the sum of $1,200 in twenty days and a bill of exceptions in sixty days. August 22, 1905, the case reached us by writ of error. The record contains neither bond nor bill of exceptions.

ARTHUR S. NATHAN, for plaintiff in error.

CHARLES A. CHURAN, for defendant in error.

MR. JUSTICE BALL delivered the opinion of the court.

The motion to vacate the verdict and judgment, and the exception to the action of the court thereon, are not, nor is either of them before us. They have no place in the common law record. To be availed of they must be preserved in a bill of exceptions. This was not done. In Van Cott v. Sprague, 5 Ill. App. 99, this court decided that, " The record proper in a suit at law consists of the process by which the defendant is brought into court, including the

sheriff's return, the declaration, pleas, demurrer, if there is any; also any judgment upon demurrer, or other judgment, interlocutory or final." This enumeration omits the verdict, which, we think, is a part of the common law record. All motions and orders and all rulings made by the court on the trial, or during the progress of the cause, except such as belong to the record proper, must be preserved in the bill of exceptions. An entry of an exception by the clerk in the common law record is not sufficient. This has ever since been the rule in this court. Browne v. Nussbaumer, 117 Ill. App. 502. The same rule has been laid down by the Supreme Court. Grand Pacific Hotel Co. v. Pinkerton, 217 Ill. 76.

The motion of plaintiff in error to vacate the verdict and judgment, the ruling of the trial court thereon, and the exception to such ruling, are no part of the common law record, and, to be considered by us, must have been preserved by a bill of exceptions. In Snell v. Trustees, etc., 58 Ill. 290, the trial court struck a plea from the files. This ruling was not preserved by a bill of exceptions. The Supreme Court refused to consider the question, saying: "This court has frequently said that motions of this character do not become a part of the record unless they are made so by a bill of exceptions." See, also, Blair v. Ray, 103 Ill. 615; Jones v. Village of Milford, 208 Ill. 621, and cases cited.

But plaintiff in error asserts that the giving of notice to try a case out of its order and on the short-cause calendar is jurisdictional and statutory; and that as the service of the notice in this case is fatally defective, this question is before us upon the common law record. There are two sufficient answers to this contention:

First. The common law record does not show that this case was heard on the short-cause calendar. The record recites: "This day said cause being called for trial, comes the said plaintiff by his attorney, and the defendant being three times severally called comes not in person or by counsel, but herein makes default, which is on motion of plaint-

tiff ordered to be taken, and the same is hereby entered herein of record, it is ordered by the court that the cause proceed and a jury come," etc.   It thus appears it is not affirmatively shown that the case was not reached on the regular call of the general calendar.   In the absence of such a showing the presumption is that the County Court was authorized to hear the cause and to render judgment therein.   Wallace v. Cox, 71 Ill. 548.   " When a court of superior general jurisdiction has proceeded to adjudicate and render judgment in a matter before it, all reasonable intendments will be indulged in favor of its jurisdiction." Boyles v. Chytraus, 175 Ill. 373; C., R. I. & P. Ry. Co. v. Town of Calumet, 151 Ill. 512, and cases cited.   The county courts in this state, in the exercise of the common law jurisdiction conferred upon them by statute, are entitled to the same presumption in favor of their jurisdiction as are the circuit courts.   Anderson v. Gray, 134 Ill. 554.

Second.   The County Court at and prior to the trial had jurisdiction of the subject-matter and of the parties to this suit, and therefore, admitting for the argument, that the cause was placed and tried upon the short-cause calendar under an insufficient service of notice for that calendar, the error was at most an irregularity which was waived if not objected to in apt time, and the ruling of the court on such objection preserved by a bill of exceptions.

Jurisdiction has been defined to be the power to hear and to determine a cause.   Schroeder v. Merchants' & M. Ins. Co., 104 Ill. 76.

Jurisdiction over a subject-matter is given the court by the law.   Jurisdiction over the parties to the suit is obtained in the manner provided by law in each form of action.   It is had as to the plaintiff by the bringing of the suit, and as to the defendant it may be acquired by service of summons upon him, or by his entering a general appearance in the cause, or by a general demurrer to the declaration, or by pleading in bar.   In this case plaintiff gave the County Court jurisdiction of his person by filing the plea of the general issue.   Franklin Life Ins. Co. v. Hickson, 197

Ill. 121. If thereafter and in the progress of the cause the trial court committed error, that error was not jurisdictional, but was an irregularity.

In Sumner v. Village of Milford, 214 Ill. 393, the Supreme Court say: "Jurisdiction is authority to hear and determine a cause—authority to decide. It is the power conferred by law to hear and determine controversies concerning certain subjects, and as applied to the particular controversy it is the power to hear and determine that controversy. (11 Cyc. 660; People v. Talmage, 194 Ill. 67.) If a court has jurisdiction its judgment may be directly attacked for errors or irregularities, but however erroneous the decision may be, it is binding until reversed or set aside in a direct proceeding for that purpose. The exercise of the jurisdiction may be erroneous, but if the court has authority to decide the case at all, every party brought within the jurisdiction must make his defense, and the judgment can only be set aside by appeal or on error, when such remedy is available."

As has been stated, the absence of a bill of exceptions precludes the plaintiff in error from here urging the alleged irregularity.

Plaintiff in error refers us to O'Brien v. Lynch, 90 Ill. App. 29, where we decided that the affidavits, notice and proof of service thereof provided for by statute in order to place a cause on the short-cause calendar, are necessary to the jurisdiction of the court. The opinion states, "as to the law governing this case we have received no aid from counsel." In the present case we have carefully re-examined the authorities, and are of the opinion that upon the question of jurisdiction in O'Brien v. Lynch we were wrong, and we therefore overrule that case in this particular.

The judgment of the County Court is affirmed.

*Affirmed.*