## Albert E. Klaproth, Defendant in Error, v. Louis Greenberg, Plaintiff in Error.

## Gen. No. 16,303.

1. APPEALS AND ERRORS—*what notice of redocketing essential.* Notice of redocketing after remandment should be personal.

2. APPEALS AND ERRORS—*what part of record without incorporation in bill of exceptions.* A notice to redocket after remandment is a necessary process to confer jurisdiction of the parties and it is therefore a part of the record without incorporation in a bill of exceptions.

Error to the Municipal Court of Chicago; the HON. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed and remanded. Opinion filed April 11, 1912.

MARTIN CONNOR, for plaintiff in error.

LOWES & RICHARDS, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This case has heretofore been in the Appellate Court, this district, as No. 14,270, and was reversed and remanded. Thereafter a remanding order was filed in the Municipal Court by the defendant in error, hereinafter called the plaintiff, it is claimed without serving the proper notice as required by statute.

The statute in such a case provides that before a cause shall be reinstated, notice shall be "given to the adverse party or his attorney." Hurd's Revised Statutes, Chapter 110, Sec. 113. It was attempted to serve the notice in the case at bar on Louis Greenberg, hereinafter called the defendant, as shown by the return, "by leaving an exact copy of the same in his office." Manifestly this service was not such as is required by the statute. "When a notice is required, and the mode of service is not specified, the law requires that it shall be personal." (C. & A. R. R. Co. v. Smith, 78 Ill. 96, 99.)

The record shows that upon calling the case for trial the defendant did not appear, and judgment was rendered against him by default.

It seems to be conceded by counsel for the plaintiff that the notice was insufficient, but the reply is that there is no showing in this court by bill of exceptions that the defendant was not given the notice required by statute, and hence jurisdiction in the trial court must be presumed. The notice does appear in this court in the record, and not by bill of exceptions, and the question is whether or not this notice is a proper part of the record.

In our opinion this notice is a necessary process to give the court jurisdiction of the parties, and therefore properly a part of the record. In Miller v. Glass, 14 Ill. App. 177 (181), this exact question was raised, in a case similar to this, and the court said: "It is true there is no bill of exceptions in this case. But the judgment being by default and without notice, so far as the record shows, there could have been none;

and there having been no appearance, there was no waiver. We think that under such circumstances, there can be no intendment that notice was given.''

In Snell v. Weldon, 243 Ill. 496, the court said, concerning the practice in this case, on page 516: ''After the judgment was reversed and the cause remanded and the remanding order filed in the Circuit Court, the cause was then pending in that court, and the court had jurisdiction of the subject matter of the cause but could not properly proceed to the trial of it until the ten-day notice required by the Practice Act was given to the opposite party. (Austin v. Dufour, 110 Ill. 85.) The situation of the cause at that time was similar to a case pending in the court before service of the defendant.''

In Austin v. Dufour, 110 Ill. 85 (87), the court stated the rule thus: ''By the filing of the transcript in the trial court that court again obtains jurisdiction over the subject matter of the suit. But this is not sufficient, of itself, to authorize the court to proceed. Before any steps can be taken in the cause, the court must also obtain jurisdiction over the person of the adverse party, and this, in the absence of a voluntary appearance, can only be done by giving the notice required by the section of the statute above mentioned. * * * Unless the court has jurisdiction both of the person and subject matter of the suit, its proceedings will be *coram non judice*,—or, in other words, void.''

To the same effect are Taylor v. Brougham, 63 Ill. App. 283, and McIntyer v. Houseman, 108 Ill. App. 276. These cases are decisive of the case at bar.

We might add that the notice under consideration in Christie v. Walker, 126 Ill. App. 424, cited by plaintiff's counsel, was not such a notice as is involved here, and was there expressly held not to be a jurisdictional notice.

The trial court not having jurisdiction of the defendant, Greenberg, it had no authority to enter its judg-

ment of November 29, 1909, and the same is void. The
judgment is reversed and the cause remanded.

*Reversed and remanded.*