JOSEPH S. HANNA *et al.*, Plaintiffs in Error, *v.* CHARLES YOCUM, Adm'r, &c., Defendant in Error.

ERROR TO PEORIA.

A plaintiff cannot crave oyer of a judgment pleaded. He admits the recovery by his demurrer to the plea; the plea should be traversed.
Profert can only be made of contracts, &c., in the power of a party to produce; not of records.
The judgments of county courts, are final and conclusive, as to all matters within their jurisdiction. And these courts have all the judicial powers, formerly vested in the probate courts, or probate justices of the peace.

THIS was a suit brought on account for damages as laid in declaration, for $5,000. Declaration contained the common counts, by said plaintiffs in error against defendant in error.

Defendant pleaded former judgment in bar, in this, that plaintiffs filed their account December 13th, 1851, in the County Court of Peoria county, upon which account a trial was had in said court in October, 1854, upon which trial the said court decided that said account and claim was not due from said defendant to plaintiffs, and that the same should be disallowed and rejected, and judgment was given in favor of defendant, and that said County Court had jurisdiction.

Plaintiffs crave oyer of the record and proceedings in said County Court, which is as follows: " *Gibson, Stockwell & Co.* v. *Estate of Therrygood Smith*. Claim filed December 13th, 1851, being an account. This day came the parties by their attorneys, and also the administrator in person, and by his attorney, whereupon testimony was introduced, upon the hearing of which, the court said that the sum of $3,292.81, claimed as due from said estate, being a balance due upon said account, is not due to said claimants. It is therefore ordered by the court, that such claim be disallowed, and is therefore rejected;" and upon such oyer, demur to said plea, which demurrer was overruled by said court, and which is the cause assigned for error on the record.

This cause was heard before PETERS, Judge, at November term, 1855, of the Peoria Circuit Court.

MANNING and MERRIMAN, for Plaintiffs in Error.

N. H. PURPLE, for Defendant in Error.

SCATES, C. J. The plaintiff could not legally crave oyer of a judgment pleaded. He admits, by his demurrer, such recovery

as is set forth in the plea. If that be not true, as stated, he should have traversed the plea, by denying the existence of such record. *Prout patet per recordum,* I apprehend is not a profert in pleading, especially of a judgment of another court. Profert can only be made of contracts, &c., in the power of the party to produce, and I apprehend, upon principle, could not, of records, for want of such power and control. If profert is not made, when it ought to be, oyer cannot be given, but profert must be compelled by demurrer, and when unnecessarily made, does not still entitle the party to oyer. 1 Chit. Pl. 430 to 436, and references and notes.

Not seeing the record through the oyer, there is nothing in the plea, showing a want of jurisdiction, but on the contrary, an express averment of jurisdiction, which is as matter of fact, admitted by the demurrer.

County Courts, though not of inferior, are of limited, jurisdiction in many respects, but their judgments are final and conclusive in all matters within them. *Propst* v. *Meadows,* 13 Ill. R. 167 ; *Stone et al.* v. *Wood,* 16 Ill. R. 177 ; *Ralston et al.* v. *Wood,* 15 Ill. R. 159. See *Obert* v. *Hammul,* 3 Harrison R. 79 ; *Crigdon's Lessee* v. *Astor,* 2 How. U. S. R. 319.

But I apprehend, the party is mistaken as to a want of jurisdiction in this case, on account of the amount of the demand. It is more than the probate justice of the peace had jurisdiction of, as a justice of the peace, under the Revised Statutes of 1845, p. 427, Sec. 5; from which doubtless this idea is derived. But the 10th section of the same act, gave them, as *probate justices,* " all the judicial powers usually exercised by former judges of probate."

The Act of 1849, p. 65, Sec. 13, for the organization of the present courts, vested them " with all the powers and jurisdiction of the probate court, as now established by law," together with concurrent jurisdiction to decree sales of land for payment of debts. These provisions are general, and made in general language ; and we must look further back into legislation for a more particular investment of jurisdiction. This we find in the Act of 1831, amending the act relative to Wills of 1829, which provides concurrent jurisdiction to any amount, in suits against administrators as such. Rev. Laws 1833, p. 656, Sec. 1 ; Acts 1831, p. 191, Sec. 1. These are enumerated and repealed in Cap. 90, pp. 461–465, but the jurisdiction is rebestowed in the meaning, and by the language of the 10th Sec. of Cap. 85, p. 427, as part of the " judicial powers usually exercised by former judges of probate," and so recognized and adopted in the anguage of the Act of 1849, as part of " the powers and juris-

diction of the probate court, as now established by law." When the administrator is plaintiff, the jurisdiction depends on other provisions.

*Judgment affirmed.*