## GARTON v. BOTTS, *Appellant.*

1. **Curator's Final Settlement**: CONCLUSIVE AS EVIDENCE, THOUGH NOT PLEADED. The final settlement of a curator in the probate court is to all intents and purposes on the same footing as the judgment of any other court of competent jurisdiction. Like such a judgment, as between the parties it is conclusive of the matters adjudged; and this is true whether it be pleaded in bar or be adduced in evidence under the general issue.

2. **A Ward cannot sue his Curator for Money had and received.** Until there is a final settlement of his ward's estate, a curator is not liable to an action by the ward for money had and received. His bond constitutes the measure and limit of his liability, and the ward must have recourse to that.

Garton v. Botts.

*Appeal from Pettis Circuit Court.*—HON. WM. T. WOOD, Judge.

REVERSED.

On the 23rd day of August, 1872, Daniel M. Botts filed his account in the probate court of Pettis county as curator of Margaret May, for final settlement. He asked credit, among other things, for a note of one McCormick, which he had held as curator and which he claimed to have turned over to his ward. Upon the hearing he produced the receipt of his ward for said note, dated August 6th, 1872; and the court thereupon allowed the credit, and on the 1st day of March, 1873, approved the settlement. Margaret May subsequently intermarried with Mortimer Garton, and in 1876 they brought this action against the said Botts. The petition was in the form usual in an action for money had and received to plaintiffs' use. The answer was a general denial. At the trial, in support of their petition, plaintiffs offered evidence tending to prove that in September and October, 1872, defendant had collected the McCormick note; and had never paid over the proceeds. Defendant gave rebutting testimony, and also offered his final settlement in evidence. Under the instructions of the court the jury found for plaintiffs, and there was a judgment accordingly.

*Philips & Jackson, J. B. Gantt* and *W. L. Felix* for appellant.

The final settlement was *res judicata*. It was a final judgment and could not be attacked in this collateral proceeding. It could only be attacked in a direct proceeding in equity for that purpose. *Jones v. Brinker*, 20 Mo. 88; *State v. Rowland*, 23 Mo. 98; *Picot v. Bates*, 47 Mo. 390; *Clyce v. Anderson*, 49 Mo. 43; *Sheets v. Kirtley*, 62 Mo. 417; *Miller v. Major*, 67 Mo. 247.

*Houston & Rothwell* and *Ewing & Hough* for respondents.

The final settlement was not a bar to plaintiffs' suit because not specially pleaded. 1 Chitty Plead., 543, (667 in 16th Am. Ed.;) Pomeroy's Remedies, § 702, p. 726; Bliss Code Plead., §§ 327, 352; *Greenway v. James*, 34 Mo. 326; *Northup v. Mississippi Val. Ins. Co.*, 47 Mo. 435, 443; *Brazill v. Isham*, 12 N. Y. 9; *McKyring v. Bull*, 16 N. Y. 297; *Beaty v. Swarthout*, 32 Barb. 293; *Hendricks v. Decker*, 35 Barb. 298; *Piercy v. Sabin*, 10 Cal. 22; *Krekeler v. Ritter*, 62 N. Y. 374; *Towns v. Nims*, 5 N. H. 259; *Howard v. Mitchell*, 14 Mass. 241; *Isaacs v. Clark*, 12 Vt. 692; *Long v. Long*, 5 Watts 102; *Picquet v. McKay*, 2 Blackf. 465; *Cleaton v. Chambliss*, 6 Rand. 86; *Smith v. Elliott*, 9 Barr 345; *Outram v. Morewood*, 3 East 346; *Vooght v. Winch*, 2 Barn. & Ald. 662.

## I.

SHERWOOD, C. J.—Numerous decisions of this court attest that final settlements made in probate courts by curators and others acting in similar capacity, occupy the same footing to all intents and purposes as do the judgments of other courts of competent jurisdiction.

The Supreme Court of the United States holds "that the judgment of a court of law or a decree of a court of equity directly upon the same point and between the same parties is good as a plea in bar and conclusive when given in evidence in a subsequent suit." *Thompson v. Roberts*, 24 How. 233; *Smith v. Kernochen*, 7 How. 198. In the instance cited the former adjudication was not pleaded but simply offered in evidence. The same rule is laid down in Maryland as to the conclusive effect of a judgment upon the merits between the same parties in a former suit relating to the same cause of action, whether such judgment be pleaded in bar or adduced in evidence under the general

issue. *Beall v. Pearre*, 12 Md. 550, and cases cited. This is the same doctrine as that announced by DeGrey, C. J., in the *Duchess of Kingston's case*, 20 Howell's St. Tr. 538. The same doctrine prevails in Pennsylvania and the position maintained with much force of reasoning that a judgment when offered in evidence to a jury, should carry with it the same attributes of conclusiveness as when presented to the court by a plea specially setting it forth, and that the same results should be reached in the one instance as in the other, Kennedy, J. remarking : "A judgment of the proper court, being the sentence or conclusion of the law upon the facts contained within the record, puts an end to all further litigation on account of the same matter, and becomes the law of the case which cannot be changed even by the consent of the parties, and is not only binding upon them but upon the courts and juries ever afterward, as long as it shall remain in force and unreversed." *Marsh v. Pier*, 4 Rawle 288. This doctrine meets the decided approval of Professor Greenleaf, who has collated most of the authorities bearing upon the question. He says : "The whole community have an interest in holding the parties conclusively bound by the result of their own litigation. And it has been well remarked that it appears inconsistent that the authority of a *res judicata* should govern the court when the matter is referred to them by pleading, but that a jury should be at liberty altogether to disregard it when the matter is referred to them in evidence ; and that the operation of so important a principle should be left to depend upon the technical form of pleading in particular actions. But notwithstanding there are many respectable opposing decisions, the weight of authority, at least in the United States, is believed to be in favor of the position that where a former recovery is given in evidence it is equally conclusive in its effect as if it were specially pleaded by the way of estoppel." 1 Greenleaf Ev., § 531, and cases cited. Mr. Bigelow is of the same opinion. Bigelow on Estop., 590, and note.

In some of the code states it is held necessary to plead the judgment in order that it may be offered in evidence, as constituting a bar, or as an estoppel to the action. But even if not so pleaded it may be offered " as evidence of the fact in issue," and is competent, although not pleaded, like any other evidence, oral or documentary, to disprove a material allegation, and " as evidence it was conclusive as an *adjudication* of the same fact in an action between the same parties." *Krekeler v. Ritter*, 62 N. Y. 372. So too, in *Miller v. White*, 50 N. Y. 137, it is denied that a judgment is only *prima facie* when not pleaded where it might have been, or is waived as an estoppel. And it is said : " the better opinion is the other way in reason and authority."

In the case at bar the money sued for was alleged in the petition to have been received by defendant from Mc-Cormick in September and October, 1872, and the testimony offered on behalf of plaintiffs fully supports that allegation as to the time of the reception of the money and from whom received. The final settlement offered in evidence was made in March, 1873, and fully accounts for the McCormick note. Upon the principle heretofore announced, that settlement must be regarded as conclusive of the rights of the parties to re-agitate the question then and there adjudicated, at least in this form of action, and that it is quite immaterial, so far as concerns the result, whether such adjudication be formally pleaded, or, as supporting the general issue, be offered in evidence.

## II.

There is another view of this case which is equally fatal to plaintiffs' suit: There either has been a final settlement of the ward's estate or there has not. If there has, the foregoing considerations apply. If there has not, then the curatorship is still open and the defendant curator is not liable to an ordinary action for money had and received, but resort must be had to a suit on his bond which constitutes the measure and limit of his liability.

*Cohen v. Atkins, ante,* p. 163; *Call v. Eaton,* 8 Cush. 587; *Conant v. Kendall,* 21 Pick. 36; Schouler's Dom. Rel., 501, *et seq.* Judgment reversed. All concur.