GLENN v. PRIEST, (two cases.)

SAME v. DORSHEIMER.

*(Circuit Court, E. D. Missouri, E. D.   October 7, 1891.)*

1. EVIDENCE OF FORMER JUDGMENT—PLEADING—GENERAL DENIAL.
   Under the Missouri Code of Procedure a former judgment of the court is not admissible in evidence under a general denial, but must be specially pleaded.

2. LIMITATION OF ACTIONS—RUNNING OF STATUTE—CALLS FOR STOCK SUBSCRIPTIONS.
   Limitation does not run as against subscriptions of capital stock, payable when called for, until a call is made.

3. CORPORATIONS—SUBSCRIBERS FOR STOCK—LIABILITY FOR CALLS—ASSIGNMENT OF STOCK.
   Under the laws of Virginia, a subscriber for the stock of the National Express & Transportation Company is liable for the full par value thereof when called for by the company, although he has previously made a *bona fide* assignment of his shares.

In Equity. Suit to recover the second assessment upon the stock of the National Express & Transportation Company. As to the suits for the first assessment, see 23 Fed. Rep. 695, and 24 Fed. Rep. 536. On motion for new trial. For prior report, see 47 Fed. Rep. 472. Overruled.

*Thomas K. Skinker,* for plaintiff.

*W. H. Clopton,* for defendants.

THAYER, J. Two questions are presented by the motions for new trial which have been filed in these cases. In the case against Priest as executor of Taylor it is insisted that the judgment rendered by this court on March 12, 1884, in the suit to recover the first assessment on decedent's stock, should have been admitted in evidence as a bar to the suit on the second assessment, although it was not specially pleaded. I am satisfied, after an examination of the authorities cited, that the position taken is untenable. Before the adoption of the Code of Procedure it was the practice in this state, as well as in many other jurisdictions, to permit a judgment to be given in evidence under the general issue, (*Offutt* v. *John,* 8 Mo. 120;) but at the present time, and since the adoption of the Code, the better opinion is that a judgment cannot be given in evidence, either to support the defense of former recovery or to show that a given question arising in a suit has been adjudicated in a previous suit between the parties, without being specially pleaded. The difference between the general issue at common law and a general denial under the Code is well marked, and has been frequently noted. Bliss, Code Pl. §§ 323, 324. The general issue was sometimes regarded as tantamount to a denial of all liability, and under that plea almost any matter could be given in evidence which tended to show that the defendant was not liable. On the other hand, the office of a general denial under the Code is merely to put in issue material allegations of fact contained in the petition or complaint, and under the latter plea only such matters can be given in evidence as tend to disprove facts stated in the complaint. *Northrup* v. *Insurance Co.,* 47 Mo. 435; *Musser* v. *Adler,* 86 Mo. 445. In the case last cited the court say:

"The general denial puts in issue the facts pleaded in the petition, not the liability. The facts from which the law draws the conclusion of non-liability must be pleaded in the answer when they are not stated in the petition."

I do not understand that the decision in *Garton* v. *Botts*, 73 Mo. 274, is opposed to the rule stated in the two cases first cited. The question chiefly mooted in *Garton* v. *Botts* was whether a judgment, when offered in evidence without being pleaded, and without being objected to, was conclusive, or was evidence that a jury might, in its discretion, disregard, because it had not been pleaded by way of estoppel. It will also be observed from a careful examination of the case in question that, as the issues were made up, the judgment in all probability was properly admissible in evidence, even if it had been objected to, because it tended to contradict material facts stated in the petition. My conclusion is that under the Missouri Code a judgment must be specially pleaded before it can be admitted in evidence, when the purpose of offering it is merely to show that the matter in issue is *res judicata*. If a judgment in a former suit between the parties tends to disprove material facts stated by the plaintiff in his petition, a different rule obtains. But in the present case the judgment offered had no such tendency. It was offered for the purpose of showing that one of the issues arising in this case had been tried and decided in a previous suit between the parties on a different cause of action, and that the plaintiff was concluded as to that issue by the previous decision. The record in question was properly excluded.

2. In the cases of Priest and Dorsheimer the point is made that, inasmuch as they transferred their stock in the National Express & Transportation Company many years ago, the statute of limitations began to run in their favor from the date of such transfer, and that they cannot be held liable for stock assessments made in 1880 and 1886. With reference to this contention it is sufficient to say that the court understands this question to be in effect settled by the decisions heretofore referred to and cited. *Hawkins* v. *Glenn*, 131 U. S. 319, 9 Sup. Ct. Rep. 739; *Glenn* v. *Liggett*, 135 U. S. 533, 10 Sup. Ct. Rep. 867,—both decide that statutes of limitation do not run as against subscriptions to capital stock, payable as or when called for, until a call is made. It has also been held that under the laws of Virginia a person who subscribed for stock in the National Express & Transportation Company could not divest himself of his liability to pay its full par value when called for by the corporation, even by a *bona fide* assignment of his stock on the stockbooks of the company. *Morris* v. *Glenn*, 87 Ala. 628, 7 South. Rep. 90; *Hambleton* v. *Glenn*, 72 Md. 331, 20 Atl. Rep. 115; *Hamilton* v. *Glenn*, 85 Va. 901, 9 S. E. Rep. 129. These decisions, as it appears to me, place both the assignor and the assignee of stock in precisely the same attitude with respect to stock assessments. Both are liable to pay assessments when they are made, until the full par value of the stock has been called in; and the statute of limitations does not run in favor of either until a call has been made. I have examined the *Case of Portsmouth Banking Co.*, L. R. 2 Eq. 167, to which my attention was called, but it appears to contain nothing in opposition to these views. That

was a case in which the liability of a shareholder for debts contracted by the corporation before and after he ceased to be a stockholder was involved. The principles upon which the decision turned have no application to the case at bar. Motions overruled.