TIRZA A. KATTELMAN

*v.*

ESTATE OF GEORGE W. GUTHRIE.

*Filed at Mt. Vernon June 18, 1892.*

1. GUARDIAN—*liability for interest on funds of his ward.* Where the evidence shows no wilful violation of duty on the part of a guardian he should not be required to pay compound interest. So if the ward, after final settlement of the guardian's account, after becoming of age, voluntarily leaves the money found to be due to her in his hands, and makes no demand for payment before his death, his estate should be charged only with simple interest from the date of the final settlement.

2. SAME—*estopped to deny correctness of settlement after approval by county court.* Where a guardian, after the majority of his ward, appears with the latter before the county court and presents his final report, showing a balance in his hands belonging to the ward, which that court examines and approves, the guardian and his administrator will thereby be estopped to deny the correctness of the settlement thus made.

3. SAME—*approval of report by county court is a conclusive adjudication.* An order of the county court approving a guardian's final report, the guardian and ward being present, and finding a certain sum of the ward's money then in his hands, and ordering the report and settlement to be filed and recorded, is an adjudication of the court, and its judgment is conclusive on the guardian and his personal representatives.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. CHARLES W. THOMAS, for the appellant:

The guardian's settlement, taken in connection with the judicial action based thereon, has the force and effect of a judgment, and can not be disputed or attacked except for fraud, and then only in a direct proceeding brought for that purpose. It estops not only the guardian and his legal representatives, but even the sureties on his bond. *Ammons* v. *People*, 11 Ill.

6; *Ralston* v. *Wood,* 15 id. 159; *Gilbert* v. *Guptill,* 34 id. 140; *Ream* v. *Leach,* 7 Ill. App. 161; *Gillett* v. *Wiley,* 126 Ill. 320; *Garbon* v. *Botts,* 73 Mo. 274; *Sheetz* v. *Kirtley,* 62 id. 417.

This principle of estoppel, so far as it is based upon the conduct of the party and without reference to judicial action, has been applied by this court to the mere reports of officers of secret societies as well as to those of public officers. *Cawley* v. *People,* 95 Ill. 249.

Settlements made in probate courts by guardians, etc., occupy the same footing as do the judgments of other courts of competent jurisdiction. *Garbon* v. *Botts,* 73 Mo. 274; *Sheetz* v. *Kirtley,* 62 id. 417.

It was shown by undisputed evidence on the trial, that Guthrie had loaned his ward's money out in his own name, and declared his intention not to pay it to her until she got married. This amounted to a willful violation of his trust and a conversion of the money to his own use, and, taken in connection with the fact that he procured her receipt without paying her any money, and the further fact that he was unwilling and probably unable to procure an order of the probate court releasing him from his duties as trustee for the appellant, show a clear intention to make a personal use of her money for his benefit as long as she would permit it. Upon this question the court is referred to the cases of *Henning* v. *Eldridge,* 14 Bradw. 191; *Hughes* v. *People,* 111 Ill. 457; *In re Dissinger,* 39 N. J. Eq. 327.

Messrs. G. & G. A. KŒRNER, Mr. R. J. GODDARD, and Mr. M. McMURDO, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The appellant, Tirza A. Kattelman, presented the following claim in the county court of St. Clair county against the estate of George W. Guthrie, deceased:

"*Estate of George W. Guthrie,*

*To Tirza A. Kattelman, Dr.*

"To amount due her as Guthrie's ward, as per his last settlement as guardian, made in the county court of St. Clair county, Illinois, on November 2, 1881, with interest on the same as allowed by law, $7500."

On a hearing in the county court, on April 22, 1890, the court found that there was due the claimant $3,723.54, and entered an order allowing that sum against the estate. The plaintiff appealed from the judgment of the county court to the circuit court, where a trial was had, by agreement, before the court without a jury, resulting in a judgment for the same amount allowed in the county court. The plaintiff not being satisfied with the judgment of the circuit court, appealed to the Appellate Court, where the judgment was affirmed, and, for the purpose of reversing the latter judgment, the plaintiff has brought the record to this court.

The questions presented for determination are raised by three propositions, submitted by the appellant, to be held as law in the trial of the cause in the circuit court. The plaintiff submitted the following propositions, which were refused by the court: "First, the court is requested to hold that the defendant in this case is estopped to deny the correctness of the final settlement made by Guthrie, as plaintiff's guardian, and no credit not claimed by him in that settlement, growing out of facts in existence at the time of that settlement, can be allowed his estate in this suit; second, if the court believes, from the evidence, that Guthrie in his lifetime never paid plaintiff any part of the money due her from him as her guardian, as shown by his final settlement, but lent the same out in his own name and expressed the intention of not paying the money to her until she was married, then the court should allow compound interest on any sum found to be due plaintiff in this suit; third, the plaintiff is entitled to recover in this

case the sum of $4298.80, with compound interest thereon up to the present time, less the sum of $1537.50."

It appears from the record that George W. Guthrie was appointed guardian of appellant and her three sisters on the 23d day of May, 1874, and upon his appointment assumed charge and control of the ward's property. On the 2d day of November, 1881, after appellant had become of age, the guardian and his ward appeared in the county court, and the guardian rendered a final report to the county court, as follows:

"*George W. Guthrie, guardian, in account with Tirza Ann Johnston, ward.—Final settlement the 2d day of November, 1881.*

Guardian, *Dr.*—Amt. due ward on 3d settlement Nov. 2, 1881.. $4575.30
Guardian, *Cr.*—By guardian's commission............. $274.50
　　　　　　　By court costs....................... 2.00
　　　　　　　　　　　　　　　　　　　　　　　　 ——————　276.50
　　　Balance due ward....................................... $4298.80

"Received of George W. Guthrie, my guardian, the sum of four thousand two hundred and ninety-eight $\frac{80}{100}$ dollars, in full of all claims against him as such guardian, and I do hereby acknowledge the foregoing settlement as correct.

"*November 2, 1881.*　　　　　　　　　　Tirza A. Johnston."

Upon filing the report the court entered an order, as follows: "And now comes George W. Guthrie, guardian of Tirza Ann Johnston, ward, and presents to the court his final settlement with said ward, showing a balance due the ward of $4,298.80, which is by the court examined and approved, and ordered to be filed and recorded." Upon the presentation of the receipt of the ward, on the same day, the court ordered it to be filed and recorded.

Phillip Rhein testified as follows, on behalf of the plaintiff: "In 1881 I was deputy county clerk of St. Clair county. I wrote the final settlement of George W. Guthrie, as guardian of Tirza Ann Johnston, now Kattelman. She was present at the time. I wrote the receipt attached to the settlement, and

she signed it in my presence. No money was paid to her, or into court on her account, by Guthrie. She understood what she was doing when she signed the receipt."

The defendant offered evidence tending to prove that Guthrie, the guardian, on the 9th day of August, 1880, purchased a farm in St. Clair county, consisting of one hundred acres of land, for which he paid $2,200, and that he placed improvements on the land of the value of $1,000. The land was conveyed directly to the four wards, and the evidence tended to prove that the money paid for the property and expended in its improvement, was funds in the hands of the guardian belonging to the wards. The first proposition was asked on the theory that no credit could be given the estate on account of the purchase of this land for the ward,—that the settlement which the guardian made with the court estopped him and his representatives from claiming any prior payments made to or on account of the ward.

It will be observed that the county court, in passing upon the final report of the guardian on the 2d day of November, 1881, determined that the guardian had in his hands at that time $4,298.80 belonging to his ward. This was an adjudication of a court of competent jurisdiction, and we think it is well settled by the authorities that the judgment is conclusive on the guardian and his representatives. In *Ammons* v. *The People*, 11 Ill. 6, which was an action against one of the sureties on a guardian's bond, it was held that an order of a probate court directing a guardian to pay over to his successor a certain amount in his hands belonging to the ward is conclusive upon the guardian, unless the order can be impeached for fraud or collusion. In *Ralston* v. *Wood*, 15 Ill. 168, where the probate court had determined that there was due from the administrator to one of the heirs of the estate a certain sum, which the administrator was ordered to pay over to the heir, it was held that an order of a probate court against an administrator to pay over money in his hands to an heir is conclu-

sive, and, if not complied with, entitles the person in whose favor it is made to recover upon the administrator's bond against the principal and security. So, in *Gillett* v. *Wiley*, 126 Ill. 310, it was held that an order of the county court finding the sum in a guardian's hands belonging to his ward after the majority of the latter, and ordering its payment to the ward, is conclusive apon the guardian and his surety, except for fraud or mistake as to the amount then actually in the hands of the guardian. The same doctrine has been held in other states. See *Garber* v. *Botts*, 73 Mo. 274; *Sheetz* v. *Kirtley*, 62 id. 417.

Here, the guardian was before the court in person and rendered his account, thus submitting himself to the jurisdiction of the court. The court had jurisdiction of the subject matter, and having jurisdiction of the person and subject matter the judgment is final and conclusive, unless reversed or set aside for fraud. If the guardian, prior to the final settlement, purchased the farm in question in the name of his ward, and the ward had thus received $800, which the evidence tends to show was the case, he ought to have claimed a credit for the amount when he rendered his final account; but having failed to do so after the court had determined, by its judgment, that the guardian held in his hands a specified sum belonging to his ward, we are aware of no principle which would allow the administrator of the guardian's estate to go behind the adjudication of the probate court, and obtain a credit for a payment made before the adjudication.

As to the first proposition, we think it should have been given; but as to propositions two and three, they do not contain correct propositions of law, and were properly refused. We find nothing in the record which shows a willful violation of duty on the part of the guardian, and hence there is no ground for charging him with compound interest. After the final settlement the ward chose to leave her money in the guardian's hands. She made no effort to obtain it, nor does

it appear that she desired the money. Under such circumstances, so long as she voluntarily left the money in the hands of the guardian after she was of age, and after he had rendered a final account and made final settlement as guardian, he ought not to be charged with more than six per cent interest on the amount found due, from and after the date of final settlement. *Gilbert* v. *Guptill,* 34 Ill. 141.

For the error indicated, the judgment of the Appellate and circuit court will be reversed, and the cause remanded to the circuit court. *Judgment reversed.*

Mr. Justice Shope, dissenting.