## People, etc., Use, etc., v. Amanda E. Lease, Ex'x, et al.

1. WILLS—*A Distributee May Elect to Take in Money Funds Directed to be Invested in Land.*—Where a testator directs that the share of one of the distributees shall be invested in land, the title to vest in the distributee absolutely, such distributee has the right to elect to take his share in money.

2.  RES JUDICATA—*Action of County Court on Final Report of an Executrix.*—Where an executrix renders a final report to a County Court, thus submitting herself to the jurisdiction of the court, if the court has jurisdiction of the subject-matter and of a distributee, its judgment is final and conclusive as between such distributee, and the executrix and the sureties on her bond, unless reversed or set aside for fraud or mistake.  In such a case if the executrix prior to the final settlement holds notes of such distributee, which he ought to pay, she should then and there claim a credit, and if she fails to do so she can not present them as a set-off in a suit for the amount found to be due on the settlement.

3.  PLEADING—*Certain Questions Held Not Raised by the Pleadings in This Case.*—As to the contention that a certain conversation should operate as an estoppel *in pais* against appellant objecting to having certain notes deducted from his distributive share of his father's estate, and the contention that appellee did not receive notice of appellant's election to receive the share of the estate in money until after she had taken such steps in purchasing real estate as prevented the exercise of such right of election, the court holds that no proper pleadings were filed warranting the court in hearing evidence of, or permitting such deduction.

**Debt**, on the bond of an executrix.  Appeal from the Circuit Court of Montgomery County; the Hon. JACOB FOUKE, Judge, presiding.  Heard in this court at the May term, 1897.  Reversed and remanded.  Opinion filed September 13, 1897.

J. M. TRUITT and D. H. ZEPP, attorneys for appellant.

There can be no question that where a testator directs that the share of one of the distributees shall be invested in land, the title to vest in the distributee absolutely, such distributee has the right to elect to take his share in money.

The whole doctrine is well stated in Craig v. Leslie, 3 Wheat. 563.  " Thus where the whole beneficial interest in the money in the one case, or the land in the other, belongs to the person for whose use it is given, a court of equity will not compel the trustee to execute the trust against the wishes of the *cestui que trust*, but will permit him to take the money or the land, if he elects to do so, before conversion has actually been made, and this election he may make as well by acts or declarations, clearly indicating a determination to that effect, as by application to a court of equity. It is this election and not the mere right to make it, which changes the character of the estate so to make it real or personal, at the will of the party entitled to the benefi-

cial interest." 3 Pomeroy's Eq. Juris., Secs. 1175, 1176, 1177 and notes; Baker v. Copenbarger, 15 Ill. 103; Jennings v. Smith, 29 Ill. 116; Ridgeway v. Underwood, 67 Ill. 419; Nicoll v. Scott, 99 Ill. 529; Ebey v. Adams, 135 Ill. 80; Heslet v. Heslet, 8 Ill. App. 22; Burr v. Sim, 1 Whart. (Penn.) 252; 29 Am. Dec. 48; Proctor v. Ferebee, 1 Iredell's Eq. (N. C.) 143.

The six promissory notes, amounting to $580.14, should not have been allowed to go in evidence, because said notes were or should have been included in the final settlement of the estate of Leonard Lease, deceased. Therefore defendants were estopped by the final order of the County Court, from using said notes as a matter of defense to this suit. We think an examination of the authorities will fully sustain our contention.

The County Court is a court of general and unlimited jurisdiction in matters of administration, with equitable powers adapted to its mode of proceeding. Moffitt v. Moffitt, 69 Ill. 641; Spenser v. Boardman, 118 Ill. 555; Propst v. Meadows, 13 Ill. 157; Reynolds v. The People, 55 Ill. 328; Moore v. Rogers, 19 Ill. 347; Dixon v. Buell, 21 Ill. 203; In re Steele, 65 Ill. 322; Brandon v. Brown, 106 Ill. 519; In re Corrington, 124 Ill. 363; Matthews v. Hoff, 113 Ill. 96; Housh v. The People, 66 Ill. 178.

And being a court of general jurisdiction, liberal intendments will be made in favor of its orders and judgments. People v. Stacy, 11 Ill. App. 506; Bostwick v. Skinner, 80 Ill. 147; Moffitt v. Moffitt, 69 Ill. 641; Anderson v. Gray, 134 Ill. 554; Ide v. Sayer, 30 Ill. App. 216; Blair v. Sennott, 35 Ill. App. 368, 134 Ill. 78.

They have all the conclusiveness of other final judgments. Paullissen v. Loock, 38 Ill. App. 510; 1 Woerner's Law of Adm'n, Sec. 145; 2 Black on Judgments, Sec. 633.

And where the County Court approves a final report it is conclusive on the parties in collateral proceedings. Ammons v. People, use, etc., 11 Ill. 6; Ralston v. Wood, 15 Ill. 159; Housh v. People, use, etc., 66 Ill. 178; Frank v. People, use, etc., 147 Ill. 105; People, use, etc., v. Stacy, 11 Ill. App. 506.

It is well settled that the principle of *res judicata* embraces not only what has been determined in a former case, but also extends to any other matter properly involved, and which might have been raised and determined in it. Kelly v. Donlin, 70 Ill. 378; Hamilton v. Quimby, 46 Ill. 90; Rogers v. Higgins, 57 Ill. 244; Bailey v. Bailey, 115 Ill. 551; 1 Herman on Estoppel, 301; 21 Am. and Eng. Enc. of Law, 216 and 217.

The purpose and object to be accomplished by a final settlement of an estate is to ascertain that all the debts have been paid, and to judicially determine who are the distributees of the estate and the amount to be paid to them respectively, and if any of the shares are to be paid to trustees, or otherwise invested for the use of the distributees, the final order should so direct.   Where there are minor distributees, the final order always directs that the shares of such shall be paid to their guardians.   If one or more of the distributees owe the estate, such indebtedness is assets of the estate, which it is the duty of the executor or administrator to collect, and if not in fact collected the same should be deducted from the share of the distributee owing the same. Howland v. Heckscher, 3 Sand. Ch. (N. Y.) 519.

HOWETT & JETT, attorneys for appellees.

The devise to Jacob H. Lease, the appellant in this case, was real estate only, and has never been personal property or money, nor had he the right to elect to take the devise in money.   From the day of the death of the testator, it became at once a devise of real estate.   Hawley v. James, 5 Paige, 443; Redfield on Wills, Vol. 3–139; Collins v. Champ's Heirs, 15 B. Monroe (Ky.) 118.

The test of a conversion of this character is as the will or deed directed that conversion to be made.   In order to work a conversion while the property remains unchanged in form, there must be clear and imperative directions to convert it. Haward v. Peavey, 128 Ill. 430.

Money directed to be laid out in land must be considered as real estate.   Phillips v. Ferguson, 17 Am. St. Rep. 78.

Money and other personal property directed and agreed to be laid out in the purchase of land becomes and is regarded as land in equity. It will therefore pass under a general devise of lands or of real estate; it will descend to the heir and will not be included in the bequest of money or personal property. Pomeroy's Equity Jurisprudence, Vol. 3, Sec. 1165.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

On April 26, 1892, one Leonard Lease, the father of Jacob H. Lease, the appellant, and Amanda E. Lease, one of the appellees, died testate, and by his last will and testament he appointed the said Amanda E. Lease executrix thereof, and by the seventh clause thereof gives, devises and bequeaths all the residuary estate he owned to his wife, Mary Lease, and his five children, one of whom was the said Jacob H. Lease, " to be equally divided between each and all of them in the following manner, each and all to have their share, and put it to their own use and benefit as they see fit, with the exception of my son, Jacob H. Lease; it is my request that my executrix invest his share of my estate, as above stated, in real estate in Montgomery county, Illinois, to be selected by my said executrix according to her best judgment, and deeded to him for his sole use and benefit so long as he lives, and then to his lawful heirs."

Amanda E. Lease, on the 19th day of May, 1892, qualified before the County Court of Montgomery County, Illinois, as such executrix, giving the usual official bond as such executrix, and thereupon proceeded to administer the estate of her father.

At the November term, 1894, of the Circuit Court of Montgomery County, Illinois, said Amanda E. Lease, as such executrix, filed her bill in chancery against said Jacob H. Lease, to construe the said seventh clause of her father's will, relating to the investment of her brother Jacob's share of said estate, and that court decreed that she invest his share of that estate in real estate in said Montgomery

county, to be selected by her according to her best judgment, and that she deed or cause to be deeded said real estate to said Jacob H. Lease in fee simple absolute.

On May 1, 1894, Amanda E. Lease made a settlement with her sisters, who were a part of the residuary legatees under her father's will, in which she paid them each $4,849.20 as their part of the residuary estate of her father under said will. But her brother, Jacob H. Lease, would not accept said sum in full of his share under said will. On January 10, 1895, she filed in said County Court her final report, showing the distributive shares of said residuary legatees to be $4,849.20 each. This report was objected to by her brother Jacob, resulting in various amended reports being filed by her as such executrix in said County Court, until December 2, 1895, when she filed in said County Court her last final report as such executrix, in which she states as follows :

" She further reports that the debts and claims against said estate have all been paid, leaving the above balance to be distributed between the heirs lawfully entitled thereto, as follows:

To the estate of Mary Lease, widow of Leonard
    Lease, deceased.................................$5,367.58
To Mary E. Hammond, daughter of Leonard Lease,
    deceased...................................... 5,367.58
To Eliza J. Stewart, daughter of Leonard Lease,
    deceased...................................... 5,367.58
To Belle L. Henkel, daughter of Leonard Lease,
    deceased...................................... 5,367.58
To Jacob H. Lease, son of Leonard Lease, deceased 5,367.58
To Amanda E. Lease, daughter of Leonard Lease,
    deceased ..................................... 5,367.58
The distributive share of Jacob H. Lease is........ 5,367.58
With interest added........................... 446.85
                                                          $5,814.43

She now moves the court that she may be allowed to make distribution as above set forth, and having made and

taken receipts therefor and presented to this court, asks to be discharged. All of which is respectfully submitted."

Which report is signed by Amanda E. Lease, with her affidavit of its correctness attached.

On December 21, 1895, said County Court made its order on said report, as follows: After reciting the filing of said report and the publication of notice of the final settlement of said estate, and that a balance of $32,205.47 remained in the hands of said executrix, to be distributed to the heirs lawfully entitled thereto, closed as follows: "It is therefore ordered by the court that said executrix pay to the heirs and distributees the balance due them as shown by said report, and upon her filing their receipts in full for such amounts, she will· be discharged. Said report is approved by the court and ordered filed and recorded."

On the hearing in the County Court when its said order was made, both Amanda E. Lease and Jacob H. Lease were parties and present, and took part and were represented by attorneys.

On January 25, 1896, Amanda E. Lease served on the attorneys of Jacob H. Lease, a notice in writing, as follows: "To JACOB H. LEASE, Nokomis, Illinois.

You are hereby notified that on the 30th day of December, 1895, I caused to be purchased from Albert Eckhoff and wife the north half of the east quarter of section one (1), township nine (9) north, range two (2), west of the third P. M., in Montgomery county, Illinois, containing eighty acres, for a consideration of three thousand dollars; that on the 30th day of November, 1895, 1 caused. to. be purchased from George Bliss and wife, the east half of the southeast quarter of section thirty-one (31), township ten (10) north, range one .(1) west, Montgomery county, Illinois, for consideration of twenty-six hundred fifty dollars, both of which deeds were executed to you in compliance with the terms and conditions of the will of the late Leonard Lease, deceased, and also in compliance with the terms of the decree of the Circuit Court, rendered at the November term, 1894, construing said will, and that such lands were

purchased by me as executrix of the last will and testament of Leonard Lease, deceased, investing your distributive share in said estate as per said will and decree above mentioned.

I decline, under the provisions of said will and decree, therefore, to pay to you your distributive share in money, as said distributive share has before this time, as aforesaid, been invested in real estate, and as soon as possible abstracts of title will be prepared thereto, when I shall tender to you said deeds above mentioned, together with abstracts of title therefor.

AMANDA E. LEASE,

Executrix of the last will and testament of Leonard Lease, deceased."

On February 13, 1896, Jacob H. Lease served upon Amanda E. Lease the following demand in writing :

" Amanda E. Lease, executrix of the estate of Leonard Lease, deceased.

I hereby demand payment of the amount due me as my distributive share of the estate of Leonard Lease, deceased.

JACOB H. LEASE.

February 13th, 1896."

On March 17, 1896, Jacob H. Lease commenced in the Circuit Court of said Montgomery County this suit, upon the said official bond of said Amanda E. Lease, as executrix of her father's will.

The declaration is in the usual form of debt on an executrix's bond, and avers the filing of the final report of said Amanda E. Lease, as such executrix in the said County Court, in which it shows the distributive share of Jacob H. Lease to be $5,814.43, and the order of the said County Court, ordering her to pay him the same, and a demand made by him on her to pay him said amount, and her refusal to pay it to him.    To this declaration the defendants in the court below (appellees here) interposed the following pleas :

First, plea by defendant Amanda E. Lease, as executrix, etc., is a plea of performance.

Second, plea by defendant Amanda E. Lease, sets up that in and by the bond sued on, she was bound to fulfill the

duties and conditions imposed upon her by the will of Leonard Lease, deceased, in which will it was expressly provided that said sum of money in the declaration mentioned should be by this defendant invested in real estate in Montgomery county, to be by her selected according to her best judgment, and that this defendant did invest said sum of money, in the declaration mentioned, in real estate in Montgomery county, Illinois, selected by her as in said will provided.

Third, plea by defendant Amanda E. Lease, executrix, etc., sets up that said sum, in the declaration mentioned, was due the defendant under the terms and conditions of the last will and testament of said Leonard Lease, deceased, and from no other source. And that, by the terms of said will, this defendant was expressly directed to invest said sum of money in real estate in Montgomery county, to be by her selected according to her best judgment, and that she did, on, to wit, November 30, 1895, and on January 6, 1896, before the commencement of this suit, so invest said money, as directed in said will; and that she afterward, to wit, on March 21, 1896, was ready and willing, and tendered and offered to the plaintiff, title deeds of the real estate so purchased by her for him, together with all costs of this suit to that date, but that the plaintiff refused to receive the same; and that the defendant, Amanda E. Lease, now brings the said title deeds with costs, so tendered herein to court, ready to be delivered to plaintiff if he will accept the same.

Fourth, plea by defendants, Thomas J. Whitting, John Marley, Fred Law, Jacob Sweney and John Carstens, is a plea of general performance of the said condition of said bond by defendant Amanda E. Lease, executrix, etc.

To these pleas, plaintiff in court below (appellants here), filed the following replications :

PLAINTIFF'S REPLICATIONS.

1. Plaintiffs, as to the first and fourth pleas by the defendants pleaded, deny that the said Amanda E. Lease has performed all the conditions of the said writing obligatory.

2. Plaintiffs deny that the said Amanda E. Lease invested the said sum of money in the said declaration mentioned in real estate in Montgomery county, Illinois, as alleged in her second plea.

3. To the second plea plaintiffs further reply that Amanda E. Lease did not invest the distributive share of the said Jacob H. Lease in the estate of Leonard Lease, deceased, in real estate in said county, reasonably equal in value to said distributive share and close with the proper verification.

4. As to said second plea, plaintiffs say that the said supposed real estate in said county was purchased by the said Amanda E. Lease, at a price greatly in excess of the true value thereof, with intent thereby to wrong and injure the said Jacob H. Lease, and offer to verify.

5. As to the said second plea, plaintiffs say that when Amanda E. Lease purchased said supposed lands she did not procure a good and sufficient merchantable title thereto, and this they are ready to verify, etc.

6. As to said second plea, plaintiffs say that said supposed lands in said plea mentioned are not free and clear of all incumbrances, and this they are ready to verify.

7. And for further replication to said second plea, plaintiffs say that before the said Amanda E. Lease invested said sum of money in plaintiffs' declaration mentioned, or any part thereof, in the said supposed real estate, and gave the said Jacob H. Lease notice thereof, the said Jacob H. Lease had elected to convert the devise of real estate made in his favor by the said Leonard Lease, deceased, in and by his last will and testament, and take the same in money, of all which the said Amanda E. Lease had due notice, and this they are ready to verify.

8. As to said third plea, plaintiffs deny that Amanda E. Lease invested said sum of money in the said declaration mentioned in real estate, etc.

9. As to said third plea, plaintiffs say the said Amanda E. Lease did not invest the said sum of money in plaintiffs' declaration mentioned in real estate reasonably equal in

value to the said sum as in and by said supposed last will and testament it was her duty to do, and this they are ready to verify, etc.

10. As to said third plea, plaintiffs say that Amanda E. Lease purchased said supposed lands at a price greatly in excess of the market value thereof, with intent to cheat, wrong and injure the said Jacob H. Lease, and offer to verify, etc.

11. As to said third plea, plaintiffs say that when the said Amanda E. Lease purchased the said supposed real estate she did not procure a good and sufficient title thereto, and offer to verify, etc.

12. As to said third plea, plaintiffs say that said supposed lands are not free and clear of incumbrances, by reason whereof the said Jacob H. Lease ought not to be required to accept the same, and offer to verify, etc.

13. As to said third plea, plaintiffs say that before the said Amanda E. Lease tendered to the said Jacob H. Lease title deeds to said supposed lands, the said Jacob H. Lease had elected, as he had a right to do, to reconvert the devise made to him by the said Leonard Lease in and by his last will and testament, and take the same in money, of all which the said Amanda E. Lease had notice, before she tendered said deeds as alleged in said plea, and offer to verify, etc.

14. As to the said third plea, plaintiffs say the said Amanda E. Lease did not tender the title deeds mentioned in said plea until long after the commencement of this suit, and of this the plaintiffs put themselves upon the country.

15. As to said third plea, plaintiffs say that the said Amanda E. Lease did not tender title deeds to the said Jacob H. Lease for real estate in which the said sum of money in the said declaration mentioned was invested, as in said plea alleged, and of this the plaintiffs put themselves upon the country.

February 12, 1897, demurrer to plaintiffs' sixth, seventh and thirteenth replications.

February 12, 1897, demurrer sustained to the seventh and thirteenth replications, and plaintiffs excepted and overruled as to the sixth replication.

Rejoinders (1) and (2) traversing plaintiffs' first and second replications.

Rejoinders (3), (4) and (5) traversing plaintiffs' third, fourth and fifth replications.

Rejoinder (6) to plaintiffs' sixth replication by Amanda E. Lease, " because she says that the lands so purchased by her and in which the said distributive share of the said Jacob H. Lease was invested, were at the time of the purchase thereof, free and clear of all valid existing incumbrances," and of this she puts herself upon the country.

Rejoinder (7) joining issue upon plaintiffs' eighth replication.

Rejoinder (8) traversing plaintiffs' ninth replication.

Rejoinder (9) and (10) traversing plaintiffs' tenth and eleventh replications.

Rejoinder (11) by Amanda E. Lease to plaintiffs' twelfth replication, because she says that at the time of the purchase of said lands, said lands were free and clear of any valid existing incumbrances, and of. this she puts herself upon the country.

Rejoinder (12) joining issue upon plaintiffs' fifteenth replication.

Additional replications:

19. As to said third plea, plaintiffs say that the said Amanda E. Lease did not tender to said Jacob H. Lease title deeds to real estate in Montgomery county, Illinois, in which she had invested the sum of money in the plaintiffs' declaration mentioned, as alleged in said plea, and of this they put themselves upon the country.

20. As to said second plea, plaintiffs say that a part of the said supposed lands in said plea mentioned, to wit: N. ½ N. E. ¼ Sec. 1, town 9, range 2, west, at the time when the said supposed title deed thereto was tendered to the said Jacob H. Lease, was and now is not free and clear of all incumbrances, and this the plaintiffs are ready to verify, etc.

21. As to said third plea, plaintiffs say that a part of the said supposed lands in said pleas mentioned, to wit: N. ½ N. E. ¼, Sec. 1, town 9, range 2 west, at the time when

the said supposed title deed to said land was tendered to the said Jacob H. Lease, was and now is not free and clear of all incumbrances, and this the plaintiffs are ready to verify, etc.

22. As to the said third-plea as amended, plaintiffs say that before the said Amanda E. Lease tendered the said title deeds, he, the said Jacob H. Lease, who then and there had a whole beneficial interest in the said devise of real estate mentioned in said plea, elected, as he had a right to do, to reconvert the said devise of real estate made in his favor by the said Leonard H. Lease in his last will and testament, and take the same in money, of which election the said Amanda E. Lease had notice before she tendered said deeds, and this plaintiffs are ready to verify, etc.

23. As to the said amended third plea, plaintiffs say that the said Amanda E. Lease did not bring said deeds and costs into court here until the 18th day of February, 1895, the day said case was set for trial, and offer to verify, etc.

24. As to said third plea, plaintiffs say that said Amanda E. Lease did not, on the 21st day of March, 1897, tender to said Jacob H. Lease all the costs of this suit to that date, as alleged in said plea, and of this the plaintiffs put themselves upon the country.

Plaintiffs demur to defendant's rejoinders six, ten and eleven. Demurrers overruled and plaintiffs except. Plaintiffs demur to defendant's third plea as amended. Demurrer overruled and plaintiffs except.

Defendants tender in open court to said plaintiffs the sum of ten dollars as a tender in this case.

Defendants' demurrer to plaintiffs' twenty-second and twenty-third replications sustained, and plaintiffs except.

Rejoinder by defendant Amanda E. Lease, joining issue on plaintiff's nineteenth replication.

Rejoinders of Amanda E. Lease, to plaintiffs' twentieth and twenty-first replications, because, she says, that at the time of the purchase of said lands and the tender of the title deeds thereof to the plaintiff, said land was free and clear of all incumbrances, and of this she puts herself upon the country.

Trial by the court without a jury.

The court finds the issues in favor of the defendants and against the plaintiffs; plaintiffs move the court for a new trial, which motion is overruled; judgment on the findings of the court against the plaintiffs, and that Jacob H. Lease, pay the costs of this suit; to all of which findings, rulings and judgment so entered, made and rendered by the court as aforesaid, the said plaintiff, Jacob H. Lease, enters his exceptions and prays an appeal to the Appellate Court of the Third District of Illinois, which is allowed, etc.

As we view this case, we are compelled to reverse the judgment of the trial court herein, and remand this case for a new trial for at least two reasons; the first is, because, by the rulings of the trial court in settling the pleadings, in admitting and rejecting evidence, and in refusing to hold certain propositions of law, to be the law of the case, it denied the appellant the right to plead or show he had elected to take his distributive share of his father's estate under the provisions of his will, in money instead of land; while we hold the law to be, that appellant had that right, and had right by proper pleadings and evidence to show in the court below, if he could, that he had so elected, and to plead and show if he could that appellee Amanda E. Lease had notice of his so electing, before she invested his share of said estate in land, as directed by said will.    Baker v. Copenbarger, 15 Ill. 103; Ridgeway et al. v. Underwood et al., 67 Ill. 419; Ebey et al. v. Adams et al., 135 Ill. 80; and Craig v. Leslie, 3 Wheat. 563.

Our second reason is: Because the court below, by its findings, rulings on evidence and its judgment, held that the notes of appellant, admitted in evidence and amounting to $580.14, were a proper credit on the distributive share of appellant in the estate of his father, as shown by the final report of the executrix of said will and the order of the County Court, made after a hearing of said final report. While we hold the law to be that, as appellee, Amanda E. Lease, and appellant, Jacob H. Lease, were parties to the record in said County Court as to its adjudication on the

final report of said appellee as executrix of said will, they
are both bound by that adjudication. Propst, Ex'r, etc.,
v. Meadows, 13 Ill. 157; Hanna et al. v. Yocum, 17 Ill. 387;
Reynolds v. The People, 55 Ill. 328; Schlink v. Maxton,
153 Ill. 447, and Pike et al. v. City of Chicago, 155 Ill. 656.
Where the County Court approves a final report of an
executor, administrator or guardian, it is conclusive on the
parties thereto in collateral proceedings, except for fraud or
mistake. Ammons v. The People, use, etc., 11 Ill. 7; Gil-
lett v. Wiley, 126 Ill. 310, and Kattelman v. Estate of
Guthrie, 142 Ill. 357. In the last case our Supreme Court
says : " In Ralston v. Wood, 15 Ill. 168, when the Probate
Court has · determined that there was due from the admin-
istrator to one of the heirs of the estate a certain sum,
which the administrator was ordered to pay over to that
heir, it was held that an order of a Probate Court to an
administrator to pay over money in his hands to an heir is
conclusive, and, if not complied with, entitles the person in
whose favor it is made to recover upon the administrator's
bond against the principal and security. So, in Gillett v.
Wiley, 126 Ill. 310, it was held that an order of the County
Court, finding the sum in a guardian's hands belonging to
his ward after the majority of the latter, and ordering its
payment to the ward, is conclusive upon the guardian and
his surety, except for fraud or mistake as to the amount
then actually in the hands of the guardian. The same doc-
trine has been held in other States. See Garton v. Botts,
73 Mo. 274; Sheetz v. Kirtley, 62 Id. 417."

Here the executrix was before the County Court in per-
son, and rendered her final account as such executrix, thus
submitting herself to the jurisdiction of the court; the
court had jurisdiction of the subject-matter, and of appel-
lant as legatee and distributee, therefore the judgment of
that court is final and conclusive as between them and the
sureties on her bond, unless reversed or set aside for fraud
or mistake. If the executrix, prior to said final settlement
in said County Court, held notes of appellant which he
ought then to pay her, she ought to have then and there

claimed a credit for the notes when she rendered her final account.

And further, the proceedings on final settlement in said County Court show, that upon her motion and request to that court, she obtained the order of that court that she pay appellant the sum of money sued for in this case; and that, upon paying it to him and presenting his receipt to said County Court, she be discharged as executrix, etc. Now, while it was true that said executrix undertook, in her said bond, that she would carry out the provisions of said will, yet she seems to have lost sight of its provisions as to investing appellant's share of said estate in real estate in Montgomery county, Illinois, when making her final settlement of said estate; and it may be because, from conversations with her brother Jacob, she understood then that he had elected to take his distributive share in money, instead of having her invest it in such real estate as the said will directed.

However, since it is contended that a conversation had occurred between appellant, through his attorney, and said executrix at said final settlement that might work an estoppel *in pais* against appellant objecting to having said notes deducted from his distributive share of said estate, as found in said settlement, we will say that no proper pleading was filed by the appellants in the court below to warrant that court in hearing evidence of such, or permitting such deduction. It may be that upon proper pleadings and proofs such contention may be established. It is also contended by appellees that in case this court should be of the opinion that under the provisions of his father's will, appellant has a right to elect to take, in money, his share of his father's estate given him by his father's will, yet they contend, from the evidence in this record, appellee Amanda E. Lease had no notice of such election, before she had taken such steps in purchasing real estate as provided by said will; that a court of justice would not permit appellant to elect to take the money and not the land at the time he did so elect.

The full answer to that contention is that the record

shows that appellees filed no proper pleading in the court below to warrant the court below to so adjudicate. It is a fundamental principle in our court procedure in this State that there must be in our courts of record both "*allegata et probata*" to sustain a judgment.

For the errors indicated above, we reverse the judgment of the Circuit Court of Montgomery County in this case, and remand this case to that court for a new trial.