WILLIAM L. SCOVILLE *v.* JAMES W. BROCK.

October Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, START, STAFFORD and HASELTON, JJ.

Opinion filed March 6, 1903.

*Guardians—Final accounting—Approval of ward—Fraud—Effect of decree.*

A bill to impeach the final account of the orator's former guardian, which alleges that the orator's approval thereof was obtained by the guardian's fraud and concealment, but shows that the account was approved and allowed by the Probate Court and does not charge that such allowance was based upon such approval and without inquiry, is demurrable.

The final settlement of a guardian's account, made on notice after the ward becomes of age, is conclusive as to all matters which appear from the record to have been adjudicated, except in proceedings brought directly to correct or annul it.

APPEAL IN CHANCERY. Heard on the defendant's demurrer to the bill, at the September Term, 1902, Washington County, *Watson,* Chancellor. Demurrer sustained, and bill dismissed. The orator appealed.

*William L. Scoville* and *Edward H. Deavitt* for the orator.

The approval of the guardian's account by the orator is not a bar to the relief prayed for, for the reason that it would be inequitable for the defendant to be allowed to avail himself of an approval which was the product of the confidential relation. Bigelow on Est. 572, 573; *Farrant* v. *Blanchford,* 1 DeG. J. & S. 107; *Lay's Exrs.* v. *Barnes,* 4 S. & R. 112; *Luken's Appeal,* 7 W. & S. 48; *Williams* v. *Powell,* 1 Ired. Eq. (N. C.) 460; *Johnson* v. *Johnson,* 2 Hill Eq. 277; *Waller* v. *Armistead's Admrs.,* 2 Leigh, (Va.) 11; *Wade* v. *Pulsifer,* 64 Vt. 45.

In this case fraud and concealment are alleged, for which the approval would be set aside. Perry on Trusts, s. 200; *Smith* v. *Kay,* 7 H. L. Cas. 771.

*M. E. Smilie* for the defendant.

The defendant turned over to the orator such assets as came to his hands as guardian. He was under no obligation, by the laws of this State, to do anything more. We have no statute regulating the investment of trust funds under the circumstances of this case. Furthermore, the bill shows that the guardianship account terminated in a decree of the Probate

Court, wherein the defendant was ordered to deliver to the orator the securities complained of. Thereby the whole matter became *res judicata.* V. S. 2810.

MUNSON, J. The bill alleges in substance that the defendant, as guardian of the orator, received certain property decreed to the orator as legatee; that among this property were certificates representing shares of the capital stock and certain debenture bonds of various corporations located without the State; that when the defendant received these shares and bonds they were worth, and could readily have been sold for, more than the par value thereof; that the capital stock and debenture bonds of a foreign corporation are not a proper selection for the investment of trust funds, and that it was the duty of the defendant to refuse this property, or, having received it, to be diligent in disposing of it; that the defendant remained the orator's guardian until the 28th day of July, 1894, when the orator became of age; that on the 30th day of July, 1894, the defendant presented to the Probate Court a final account of his guardianship, in which said shares and bonds were returned as assets in his hands; that on the same day the orator endorsed on said account a certificate that he had examined and approved it, and that on the first day of August following the Probate Court accepted and allowed said account, and ordered that said securities be delivered to the orator; that the securities were transferred to the orator immediately thereafter, and that most of them were then wholly valueless.

The bill complains that it was the duty of the defendant, in settling his accounts with the orator, to disclose to him any facts that might be necessary to inform him as to the full extent of his legal rights and remedies, and to refrain from any deception in obtaining the orator's approval of his final ac-

count, and from any deception intended to prevent the orator from calling him to account for his breach of trust; but that the defendant wholly disregarded his duty in these respects, and failed to inform the orator that after four years from the date of said decree the orator would be barred from having a further accounting and from proceeding against the surety on the defendant's bond, and that after eight years no action could be maintained against the defendant as principal on said bond; that defendant used undue and improper influence to induce the orator to approve said account, in that he gave the orator false and fraudulent information on which the orator relied, and in that he failed to give him the facts necessary to inform him of the extent of his legal rights and remedies; that defendant did not inform the orator that he had a right to object to receiving the property in the form in which it was tendered, but might demand cash in place of it, and in case of a refusal upon such demand, might have a hearing before the Probate Court on the questions involved; that the defendant, with intent to prevent the orator from calling him to account, informed the orator that the investments had been made before the property came into his hands, that he was under no duty to change the investments, that he had used due care and diligence in looking after the estate, and that the loss was occasioned by a depreciation of the securities without his fault; that the orator was induced to approve the account and accept the property by his reliance upon these statements, and his belief that the defendant had disclosed to him all the facts necessary to inform him of his rights and remedies, and that the defendant had committed no breach of trust for which he could be called to account; and that his approval and settlement have no effect in bar of his relief, because of this fraudulent procurement.

It will be seen from this statement that the accounting is treated as a settlement between the guardian and the ward, and that the orator's approval of the account as rendered is looked upon as the barrier to be removed. But the bill shows that the account was presented to the Probate Court, and was allowed by it; that the account was so framed as to show what the balance in the guardian's hands consisted of; and that the securities on hand were decreed to the orator. It thus appears that the securities in question were brought to the knowledge of the Court, and within the scope of its decree. Without considering the sufficiency of the allegations which charge that the orator's approval was procured by fraud, it is to be noticed that there are no allegations which carry the effect of the alleged fraud into the decree, by showing that the action of the Court was based upon the approval. For all that appears, the decree may have been based upon the same inquiry and consideration that would have been had in the absence of any approval. The allegation that the defendant did not inform the orator that he had a right to demand cash, and, in case of a refusal, have a hearing upon the questions involved, does not meet the objection. This is not an allegation that the decree was made because of the approval and without inquiry. Conceding, then, that the orator is not barred by his approval, we come to a consideration of the effect to be given to the decree in a proceeding which does not seek to impeach it.

V. S. 2810, upon the construction given it by both parties, makes this final allowance conclusive between them after the lapse of four years. But independent of any statute, a decree of the Probate Court is conclusive as to all matters which appear from the records to have been adjudicated, except in proceedings brought directly to correct or annul it. *Rix* v. *Smith,* 8 Vt. 365. An accounting like the one in question is to

be distinguished from the accounts rendered for the information of the Probate Court during the ward's minority. The final settlement of a guardian's account, made on notice after the ward becomes of age, is within the general rules relating to the conclusiveness of judgments. 2 Black on Judg. § 644; 15 A. & E. Ency. Law (2 ed.) 115; *Gratton* v. *Botts,* 73 Mo. 274. We have seen that the record of this accounting brings the matters complained of within the scope of the decree. So the questions raised regarding the defendant's administration of his trust are *res judicata,* and the determination is conclusive as against this bill.

But the orator says his bill proceeds upon the theory that it would be inequitable to permit the defendant to set up the decree of the Probate Court as a defense to the accounting prayed for, for the reason that the defendant obtained the decree through fraud; and it is argued that the defendant is equitably estopped from pleading the decree. Conceding that the adjudication can be thus put aside, this but brings us back to the question already considered. The claim, as here stated, stands upon the assertion that the decree was procured by fraud, and we have seen that the allegations that the orator's approval of the account was so procured are not followed by averments sufficient to carry the effect of that approval into the decree. The allegations of the bill may all be true, and yet the account have been disposed of upon a full hearing of the questions now presented, and irrespective of the approval. We therefore hold the bill insufficient on demurrer, without further inquiry.

*Decree affirmed, and cause remanded.*